## GORDON v. JOHNSON, marshal.

The mayor pro tem. of the city of Cordele, sitting as recorder, found an accused person guilty of violating a municipal ordinance, and sentenced him to be confined in the chain-gang for six months, and, if there should be no chain-gang to which he could be delivered, to be confined in the guard-house for sixty days; with direction, however, that the defendant could be released on payment of $500. The sentence further ordered and directed that upon the payment of $100, the other $400 should be suspended during good behavior. The defendant paid $100 and was released from imprisonment. Subsequently, by direction of the recorder, who, from evidence heard in another case, thought that the defendant was not behaving well, the city marshal arrested the defendant and held him for the purpose of requiring the payment of the additional $400, or of reincarcerating him as provided in the original sentence. Held: (1) Construing the entire sentence together, it gave a right to the defendant to be released upon the payment of $100. (2) The recorder had no authority to suspend the payment of $400, and, after the payment of the $100 by the defendant and his discharge from custody, at some later time, when he thought the defendant was not behaving properly, to direct his rearrest, and that he be put to work upon the chain-gang or imprisoned, as provided in the original sentence, unless he should pay the additional $400. (3) Where after paying the $100 provided in the sentence the accused was released, and was afterwards rearrested as indicated in the preceding note, such custody was unlawful, and he was entitled to be discharged by writ of habeas corpus.

Submitted October 17,—Decided November 8, 1906.

Habeas corpus. Before Judge Littlejohn. Crisp superior court. July 31, 1906.

*W. F. Hall* and *L. J. Blalock,* for plaintiff.

*E. F. Strozier,* for defendant.

LUMPKIN, J. In this case the recorder, in shaping the proceedings, seems to have had in mind probation laws, or else the method which was formerly practiced in England, under what was known as "the ticket of leave system," when that country sent convicts to Australia, and granted some of them tickets of leave upon certain conditions. But, about 1840, the colonies declined to receive more of the convicts, and, after a trial of the plan at home, it was substantially abolished, or at least changed to the license system, dependent on conduct during imprisonment.

The facts are sufficiently stated in the headnotes. The effect of the sentence, taken as a whole, was that the accused should be released from imprisonment, upon the payment of $100. He paid

that amount and was rightfully released. The city recorder had no authority of law to add $400 to the fine, and provide that it should be indefinitely suspended during good behavior, but that the collection of it might be enforced by imprisonment, at the mere direction of such recorder. The charter of Cordele is quite liberal, but it confers no such authority as this. Indeed, it has been held that a judge of the superior court has no authority to suspend the execution of a sentence imposed in a criminal case, except as incidental to a review of the judgment. *Neal v. State,* 104 *Ga.* 509. The facts of this case illustrate clearly why such a proceeding can not be upheld. The defendant had paid the amount which entitled him, under the sentence, to be set free. An additional amount of $400 as a fine was imposed, not to be collected certainly, but to be suspended "during good behavior." Who was to judge of this good behavior, and what should constitute it, can only be surmised. Somewhat more than a month after this sentence the same defendant was again accused of keeping whisky on hand for illegal sale, which was the offense of which he had formerly been convicted. On the trial of that case the evidence did not authorize a conviction, and the recorder discharged the defendant; but apparently he was of the opinion that the evidence showed that the defendant's behavior was not good, and he accordingly directed the marshal to enforce the sentence in the former case. In other words the court seems to have convicted him of bad behavior, which was not an offense with which he was charged, or for which he was or could have been tried. Being thus of the opinion that the defendant's good behavior had ceased, the recorder withdrew an indefinite suspension of the right to collect the additional $400 mentioned in the original sentence. The defendant may or may not have been exercising "good behavior." But there is no law authorizing such a proceeding, or the enforcement of the collection of the additional $400 by imprisonment.

*Judgment reversed.   All the Justices concur.*