O'DWYER *v.* KELLY.

BECK, J. Kate O'Dwyer, upon being arraigned for trial at the October term, 1908, of Clarke superior court, pleaded guilty to the charge of misdemeanor, contained in two indictments against her. Thereupon in one case the court imposed a sentence of a fine of $1,000 and confinement for six months in the common jail of the county, and to work in the county chain-gang for a period of twelve months; in the other case the sentence was a fine of $200 and confinement in the chain-gang for twelve months. These sentences were duly entered upon the minutes of the court. A few days afterwards, as appears from the bill of exceptions, the judge instructed the sheriff that he might release the prisoner and not enforce the sentences as long as she stayed out of the Western circuit, the judge stating at the same time that if she came back into the circuit the sentences would be no longer suspended but enforced. These instructions to the sheriff seem to have been entirely oral; the sentences themselves, duly passed and entered upon the minutes, remained unaltered. Subsequently, and before the expiration of the sentence, the plaintiff in error reappeared in Clarke county, and the sheriff of that county rearrested her, upon a written order of the judge directing her arrest and confinement for the purpose of having the above sentences executed and performed. While in the custody of the superintendent of the county chain-gang, after being rearrested, the plaintiff in error made application for a writ of habeas corpus, on the ground that the arrest was illegal, and that the sentences had been discharged by virtue of the facts above appearing. *Held:*

1. (*a*) That the court being without jurisdiction to suspend the sentences, the sentences themselves, imposing confinement in the chain-gang and the common jail, had not been performed, executed, or discharged, (*b*) The arrest of the plaintiff in error and her detention in consequence thereof for the purpose of enforcing the execution of the sentences was not illegal. (*c*) The court properly refused the application for the writ of habeas corpus.

2. The court did not err in refusing to allow the amendment alleging that "the petitioner is now in the chain-gang of Clarke county in shackles and chains." See the case of *Loeb* v. *Jennings*, ante, 796 (67 S. E. ..).

<em>Judgment affirmed. All the Justices concur.</em>

Decided February 16, 1910.

Habeas corpus.   Before Judge Brand.   Clarke superior court. April 3, 1909.

*John R. Cooper,* for plaintiff.   *John B. Gamble,* for defendant.