*Oliver C. Hancock,* for plaintiff.

---

## SMITH *v.* NEWBERRY.

EVANS, J. On an interlocutory hearing of a petition to enjoin the cutting of timber, where it appeared that the plaintiffs and defendant derived their title from a common grantor as abutting landowners, and where the chief contention was as to the location of the boundaries between the coterminous landowners, and as to the truth of which the evidence was in conflict, the judge did not abuse his discretion by restraining the defendant from cutting the timber upon the land according to the boundaries as defined by the evidence submitted by the defendant.

*Judgment affirmed. All the Justices concur.*

NOVEMBER 19, 1910.

Injunction. Before Judge Felton. Bibb superior court. April 28, 1910.

*H. A. Mathews,* for plaintiff in error. *L. D. Moore,* contra.

---

## WALL *v.* JONES.

ATKINSON, J. 1. A judge of the superior court in this State has no authority to suspend the execution of a sentence imposed by him in a criminal case, except as incidental to a review of the judgment under which the sentence is imposed. *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175), followed in *Gordon* v. *Johnson,* 126 *Ga.* 584 (55 S. E. 489) ; and see *O'Dwyer* v. *Kelly,* 133 *Ga.* 824 (67 S. E. 106).

2. Accordingly, under the evidence in the present case, the judge did not err in refusing to discharge the applicant for habeas corpus from the custody of the sheriff.

*Judgment affirmed. All the Justices concur.*

NOVEMBER 19, 1910.

Habeas corpus. Before Judge Kimsey. Rabun superior court. March 21, 1910.

*T. L. Bynum, R. E. A. Hamby,* and *W. S. Paris,* for plaintiff. *W. A. Charters,* for defendant.