*Adams & Brown,* for plaintiffs. *W. R. Little,* for defendant.

---

## ROBERTS *v.* WANSLEY *et al.*

FISH, C. J. 1. A judge of the superior court of this State has no authority to suspend the execution of a sentence imposed by him in a criminal case, except as incidental to a review of the judgment under which the sentence was imposed. *Wall* v. *Jones,* 135 *Ga.* 425 (69 S. E. 548), and cases cited.

(*a*) The statement of the judge in orally passing sentence upon the accused, where the written sentence imposed a fine of one hundred and fifty dollars and also imprisonment in the chain-gang for the term of twelve months, that so much of the written sentence which was subsequently entered upon the minutes of the court as related to the imprisonment of the accused in the chain-gang was suspended on condition that the accused would not again commit the same offense for which he had been convicted, was ineffectual to suspend that portion of the sentence.

2. Accordingly, under the evidence in the present case, the judge did not err in refusing to discharge the applicant for habeas corpus from the custody of the chain-gang to which he had been sentenced.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
JANUARY 12, 1912.

Habeas corpus. Before Judge Brand. Franklin superior court. May 24, 1911.

*Alexander Johnson* and *Adams & Brown,* for plaintiff.
*George L. Goode,* for defendants.