## DANIEL *v.* PERSONS.

There is no law of force in this State which confers upon a judge any power or authority to suspend the execution of a sentence imposed in a criminal case, except as an incident to a review of the judgment; and where a sentence, to which no exception is taken, directs that the person convicted pay the costs of prosecution, and in addition thereto that he be confined in the chain-gang on the public works of the county, or elsewhere as the proper authorities may direct, for the full term of twelve months, to be computed from the date of his delivery to the chain-gang; "provided, however, that this sentence to be confined upon

the chain-gang be and the same is hereby suspended indefinitely during the good behavior of the defendant, the court reserving the right to have said sentence executed whenever in the discretion of the court it ought to be: " *Held*, that the portion of the sentence last quoted, purporting to suspend so much of the same as directs that the defendant be confined in the chain-gang, is of no force, and consequently should be ignored and the sentence executed as if it did not appear therein; and that one upon whom such a sentence has been imposed can not, though more than 12 months may have elapsed from the date of the sentence, be held to have served out the term therein mentioned, when in point of fact he has never been placed in the chain-gang; especially so when the sentence itself declares that the imprisonment in the chain-gang "be computed from the date of his delivery to such chain-gang."

MARCH 14, 1912.

Question of law; from Court of Appeals.	3539.

*Doyle Campbell,* for plaintiff in error.

*W. S. Florence,* contra.

FISH, C. J.   The Court of Appeals has certified to this court the following question: "In the above-stated case the Court of Appeals desires the instruction of the Supreme Court on the following question of law, a decision of which is necessary to the proper adjudication of said case: On November 13th, 1907, Ike Daniel entered a plea of guilty, in the city court of Monticello, to the offense of carrying concealed weapons; and thereupon the court imposed the following sentence: ' It is ordered and adjudged by the court that the defendant do pay into this court the sum of no dollars and the costs of this prosecution, and in addition thereto that he be confined in the chain-gang on the public works of said county, or elsewhere the proper authorities may direct, for the full term of twelve months, to be computed from the date of his delivery to said chaingang.   And it is further ordered that the defendant be taken from the bar of this court to the common jail of said county, there to be kept in close custody until he shall be demanded by the authorities of said chain-gang, in default of the payment of said fine and costs. Provided, however, that this sentence to be confined upon the chaingang be and the same is hereby suspended indefinitely during the good behavior of the defendant, the court reserving the right to have said sentence executed whenever in the discretion of the court it ought to be.'   The accused paid the costs of prosecution as required, and was discharged.   On May 13, 1911, the judge of the city court of Monticello, who had imposed the foregoing sentence, passed the

following order: ' It appearing that this defendant has not served the sentence on the chain-gang passed by this court November 13, 1907, and that his behavior has not been good, it is therefore considered, ordered, and adjudged by the court that the sheriff proceed to execute said sentence, and that said Ike Daniel be confined in the chain-gang on the public works of said county, or elsewhere the proper authorities may direct, for the full term of twelve months, to be computed from the date of his delivery to said chain-gang.' In compliance with the last above order Ike Daniel was arrested by the sheriff. He sued for a writ of habeas corpus, and, after hearing, his application was refused, and he was remanded to the custody of the sheriff. Under the facts stated, was the custody of the sheriff legal, or should the accused have been discharged on habeas corpus? In this connection the Court of Appeals calls to the attention of the Supreme Court the decisions in the cases of *Neal* v. *State,* 104 *Ga.* 509, *Gordon* v. *Johnson,* 126 *Ga.* 584, and *O'Dwyer* v. *Kelly,* 133 *Ga.* 824, where there is apparent conflict in the decisions on the question raised in the present record and on which instructions are requested."

In *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190; 69 Am. St. R. 175), it was held: "1. There is no law of force in this State which confers upon a judge any power or authority to suspend the execution of a sentence imposed in a criminal case, except as an incident to a review of the judgment; and therefore a sentence to which no exception is taken, directing, among other things, that the accused do work in a chain-gang for a term of six months, can not lawfully be qualified by adding thereto the words, ' sentence of six months suspended until further order of the court.' Such words in such a sentence are of no force, and consequently should be ignored and the sentence executed just as if they did not appear therein. 2. One upon whom such a sentence has been imposed can not, though more than six months may have elapsed from the date of the sentence, be held to have served out the term therein mentioned, when in point of fact he has never been placed in a chain-gang; more especially when the sentence itself declares, ' that this sentence begin and be counted from the time of the reception of said defendant in the chain-gang under this sentence and judgment.' 3. It follows from the foregoing, that this court will not set aside an order directing the execution of a sentence framed as

above indicated, although such order was passed more than six months after the imposition of the original sentence, and though the accused was not called upon to show cause why such an order should not be made." The facts of that case were: that on March 8, 1897, in the superior court of Gordon county, Neal was found guilty of the offense of adultery and fornication. On the same day the court sentenced him as follows: "Whereupon it is considered, sentenced, and adjudged by the court, that J. M. Neal do pay within three days a fine of three hundred dollars and all costs of this prosecution, and work in the chain-gang six months, and then be discharged; or, in default of such payment, that said defendant do work in a chain-gang on the public works or on such other works as the county authorities may employ the chain-gang, for and during the full term of twelve months, and then be discharged; and it is further ordered that this sentence begin and be counted from the time of the reception of said defendant in the chain-gang under this sentence and judgment. The defendant may be discharged at any time on the payment of said fine and costs. Sentence of six months suspended until further order of the court." On March 12, 1898, at the February term of the court, the following order was passed by the judge: "Whereas, at the February term, 1897, of this court, J. M. Neal pleaded guilty to the offense of adultery and fornication, and was sentenced by the court to pay a fine of three hundred dollars and all cost and to work in the chain-gang for and during the term of six months, and the said sentence of six months was suspended till the further order of the court; it is therefore, upon sufficient cause being shown to the court, ordered that the sheriff of said county and his lawful deputies arrest said J. M. Neal, and that six months sentence in the chain-gang be enforced." Neal excepted to this order, and upon a review thereof the rulings in the above-quoted headnotes were made. After fully discussing the question presented and citing numerous authorities, it was said in the opinion: "The sentence imposed by the court below was not lawfully qualified by the addition thereto of the words, ' Sentence of six months suspended until further order of the court.' Such words in such a sentence are of no legal force, and consequently should be ignored and the sentence executed just as if they did not appear therein."

In *Gordon* v. *Johnson,* 126 *Ga.* 584 (55 S. E. 489), the facts were as follows: The mayor pro tem. of the City of Cordele, sitting as recorder, found an accused person guilty of violating a municipal ordinance, and sentenced him to be confined in the chain-gang for six months, and, if there should be no chain-gang to which he could be delivered, to be confined in the guard-house for sixty days; with direction, however, that the defendant could be released on payment of $500. The sentence further ordered and directed that upon the payment of $100 the other $400 should be suspended during good behavior. The defendant paid $100 and was released from imprisonment. Subsequently, by direction of the recorder, who, from evidence heard in another case, thought that the defendant was not behaving well, the city marshal arrested the defendant and held him for the purpose of requiring the payment of the additional $400, or of reincarcerating him as provided in the original sentence. It was held: "(1) Construing the entire sentence together, it gave a right to the defendant to be released upon the payment of $100. (2) The recorder had no authority to suspend the payment of $400, and, after the payment of the $100 by the defendant and his discharge from custody, at some later time, when he thought the defendant was not behaving properly, to direct his rearrest, and that he be put to work upon the chain-gang or imprisoned, as provided in the original sentence, unless he should pay the additional $400. (3) Where after paying the $100 provided in the sentence the accused was released, and was afterwards rearrested as indicated in the preceding note, such custody was unlawful, and he was entitled to be discharged by writ of habeas corpus." There is nothing in the decision rendered in that case that is in conflict with what was held in *Neal's* case, supra. On the contrary, *Neal's* case was cited and the doctrine thereof approved; for it was said in the opinion: "Indeed, it has been held that a judge of the superior court has no authority to suspend the execution of a sentence imposed in a criminal case, except as incidental to a review of the judgment. *Neal* v. *State,* 104 *Ga.* 509. The facts of this case illustrate clearly why such a proceeding can not be upheld." In *Gordon* v. *Johnson,* supra, it appeared that the recorder had the power to sentence the person convicted, in the alternative, to work on the public works or to pay a fixed fine. If the prisoner paid the fine, he was entitled to be discharged absolutely, not condi-

tionally. The sentence declared that the defendant should be confined in the chain-gang or guard-house for a fixed time, with direction that he should be released on payment of $500. Later in the same sentence it was directed that he should be released upon payment of $100, and the other $400 was suspended during good behavior. This court held, that the result of such sentence was to send the defendant to the chain-gang or guard-house for the fixed time, with the right to be discharged upon the payment of $100; that this right to be discharged was absolute; and that the recorder had no power to increase the fine afterwards, or hold an additional sum over the defendant in terrorem. When he adjudged that the defendant should be discharged from imprisonment upon payment of a certain amount, the effect of the sentence, taken as a whole, was that that ended the liability of the defendant to endure imprisonment. In other words, the legal effect of the sentence as a whole was to substitute $100 in place of $500 as the alternative, the payment of which would relieve him from enduring confinement in jail or in the chain-gang. The effort on the part of the recorder to reserve the right to increase the fine later or to remit a part of it for the present, subject to return to the original fine at the will of the recorder, was wholly beyond his authority. When the lesser alternative fine was paid the punishment was at an end. The doctrine announced in *Neal's* case was applied in *O'Dwyer* v. *Kelly*, 133 *Ga.* 824 (67 S. E. 106), and followed in *Wall* v. *Jones*, 135 *Ga.* 425 (69 S. E. 548), and in *Roberts* v. *Wansley*, 137 *Ga.* 439 (73 S. E. 654). The only difference in the facts of the last three cases just above cited and the facts in *Neal's* case, supra, and the case at bar, is that in the former three cases the suspension of the sentence was not a part of the written sentence, but was made orally by the judge either at the time the written sentence was imposed or subsequently, while in *Neal's* case and the case at bar the qualifying clause purporting to suspend the sentence was included in the written sentence. All the cases referred to and previously decided by this court are in harmony; and applying the doctrine announced in each of them to the facts of the case at bar, the custody of the sheriff was legal, and the accused should not have been discharged on habeas corpus.					*All the Justices concur.*