### 4357.   NORMAN *v.* REHBERG.

Under the rulings of the Supreme Court in *Daniel* v. *Persons*, 137 *Ga.* 826 (74 S. E. 260), and *Neal* v. *State*, 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175), so much of the judgment in this case 'as purported to suspend the sentence during the good behavior of the defendant was void and of no force and effect; and consequently the trial judge did not err in refusing to release him upon the petition for habeas corpus, or in directing that the former sentence of the court be executed.

DECIDED MAY 20, 1913.

Habeas corpus; from city court of Moultrie—Judge McKenzie. July 8, 1912.

*W. A. Covington,* for plaintiff in error.
*Alfred R. Kline, solicitor,* contra.

Russell, J. The plaintiff in error, on August 14, 1911, entered a plea of guilty, in the city court of Moultrie, Georgia, to an accusation of simple larceny. Upon this plea the judge of the city court entered the following judgment: "State v. Albert Norman, No. 99, page 15, in the city court of Moultrie, Colquitt county, Ga. Whereupon it is ordered and adjudged and considered by the court that Albert Norman be placed and confined at hard labor in a chain-gang on some public works in said county and State, or wherever the proper authorities may direct, for the term of eight months, and the payment of fifty dollars, including the costs of prosecution. The sentence of eight months to be suspended upon the payment of said fine, and pending the good behavior of said defendant." After the imposition of this sentence the defendant paid the fine of fifty dollars and was set at liberty by the sheriff. On July 15, 1912, the judge of the city court of Moultrie passed an order stating the contents of the former sentence and setting out that there was a condition that if said Albert Norman paid the fine of fifty dollars, the chain-gang sentence was to be suspended during his good behavior, but that, whereas there was an affidavit filed in the city court of Moultrie charging the said Albert Norman with committing larceny again, the court ordered that the suspension of the sentence be declared void, and that the sheriff proceed to enforce the original judgment by placing the said Albert Norman in the chain-gang as provided in the sentence. Norman filed a petition for a writ of habeas corpus, setting up the foregoing facts, and averring that no notice of the order commanding his rearrest was given to him or his attorneys prior to the issuance of the order, nor any opportunity afforded him to defend himself against the charge that he had violated the condition upon which the suspension of the sentence was based. The petition further alleged that the original plea of guilty was made upon the understanding that the petitioner should not be deprived of his liberty as long as he kept the laws of Georgia, and that his detention was unlawful for the further reason that more than eight months, during which time he was constantly going in and out before the officers of the court, had elapsed since the imposition of the original sentence. Upon the hearing of the application for habeas corpus the respondent, Rehberg, admitted all of the facts stated in the petition. The application for release was refused, and the sheriff of the county was

directed to enforce the sentence of the court in conformity with the order subsequent thereto.

Were it not for the rulings of the Supreme Court upon the questions involved, it might seem unfair and out of keeping with the spirit of our constitution and laws (as insisted by counsel) to deprive this petitioner of his liberty, in view of the fact that it is admitted that the sentence was a conditional sentence, in which it was contracted that the prisoner should have his liberty unless he violated the law, and that an adjudication that he had violated that contract was made without a hearing or any opportunity on his part to show that he had not in fact broken it. Under these rulings the attempt to suspend the sentence was wholly void; and, upon the petition for habeas corpus, the judge was compelled so to hold. And since the effort to suspend the sentence was void, the reasons for its supension, or the circumstances upon which the suspension depended, were wholly immaterial. It was wholly immaterial whether the petitioner had, by violating a criminal statute subsequently to the sentence, broken the contract under which he was entitled to his liberty; for it was wholly beyond the power of the court that imposed the sentence to propose any condition compliance with which would have the effect of altering or voiding a sentence which the court had authority to impose. *Daniel* v. *Persons,* 137 *Ga.* 826 (74 S. E. 260).

The other question in this case, as to whether the period of eight months which had already expired since the sentence of eight months was imposed ran in favor of the defendant, is equally well settled by adjudications of the Supreme Court. In *Neal's* case, 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 169, 69 Am. St. R. 175), the sentence of six months, with a provision for its suspension, was imposed on March 8, 1897; and on March 12, 1898, more than a year thereafter, the trial judge ordered his rearrest. Upon this state of facts the Supreme Court held that "One upon whom such a sentence has been imposed can not, though more than six months may have elapsed from the date of the sentence, be held to have served out the term therein mentioned, when in point of fact he has never been placed in a chain-gang." It is true that in that case attention is called to the fact that the sentence itself provided that it should "begin and be counted from the time of the reception of said defendant in the chain-gang under this sentence and judg-

ment;" and in this respect it differed from the sentence now before us; but the ruling was placed upon the constitutional provision that "The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall at the same time exercise the functions of either of the others, except as herein provided." Civil Code, § 6379. Justice Fish, delivering the opinion of the Supreme Court, held that the attempt to suspend a sentence on the part of a court is an unwarranted interference with the powers, duties, and functions of the executive, and said: "If the execution of a sentence which has been imposed in accordance with the law can be suspended, either in whole or in part, as the judge may see fit, during the pleasure of the court, then the court may in this way indirectly grant a reprieve, commute a penalty, or remit any part of a sentence, and thus practically exercise powers which the constitution confers exclusively on the Governor of the State. For a sentence, the execution of which is suspended during the pleasure of the court, may never be enforced, as it may never be the pleasure of the court to revoke the order of suspension or enforce its execution. If a court can indefinitely suspend the execution of a sentence, it may even indirectly exercise the pardoning power conferred upon the executive of the State, except that portion of it which removes the disability imposed by law, in certain criminal cases, as a consequence of conviction." From the reasoning upon which the ruling in the *Neal* case, supra, is based, it is apparent that the judgment was not affected by the fact that in that particular case the sentence was not to begin or to be computed until the time of the defendant's reception into the chain-gang. As to the point that the city court of Moultrie was without jurisdiction to suspend the sentence, see *O'Dwyer* v. *Kelly,* 133 *Ga.* 824 (67 S. E. 106); *Wall* v. *Jones,* 135 *Ga.* 425 (69 S. E. 548); *Roberts* v. *Wansley,* 137 *Ga.* 439 (73 S. E. 654); *Daniel* v. *Persons,* 137 *Ga.* 826 (74 S. E. 260). In the latter case the Court of Appeals certified to the Supreme Court certain questions in reference to the apparent conflict in the decisions in *Neal* v. *State,* supra, *Gordon* v. *Johnson,* 126 *Ga.* 584 (55 S. E. 489), and the *O'Dwyer* case, supra, and the Supreme Court demonstrated that the decisions in these cases were in harmony, the court pointing out at length the features in which the facts in each distinguished it from the others.

Since the trial court was without jurisdiction to suspend the sentence in the first instance, and the petitioner must be presumed to have known that that part of the sentence which related to its suspension was wholly void, the judgment of the trial judge upon the petition for habeas corpus is not affected by the fact that the accused was not called upon to show cause why the court should not pass an order requiring the execution of the sentence; and certainly the accused could not claim the expiration of a sentence under which he had not served a single day, merely because the period of time which had elapsed was longer than the sentence originally imposed. *Judgment affirmed.*