## HANCOCK v. ROGERS, sheriff.

FISH, C. J. On February 22, 1913, in the city court of Pulaski county, Emory Hancock entered a plea of guilty to a charge of misdemeanor in an indictment against him for such offense, transferred by the superior court of that county to the city court. The judge of the city court thereupon passed the following order: "Sentence suspended and defendant allowed to go on his own recognizance, provided he move from Pulaski county." On May 27, 1913, Hancock was brought before the city court of Pulaski county upon the charge of gambling, and demanded an indictment by the grand jury, tendering bond for his appearance. While thus before that court the presiding judge sentenced him, on the plea of guilty entered on February 22, to confinement in the State farm for twelve months. Hancock subsequently sued out a writ of habeas corpus on the ground that he was illegally restrained of his liberty, because the sentence imposed on him by the city-court judge was void for the reason that the city court lost jurisdiction of the case upon the judge passing the order indefinitely postponing the imposition of the sentence, and because he was sentenced without being called upon in writing to show cause why the sentence should not be imposed. The judge of the superior court, who presided in the habeas-corpus proceedings, on June 10, 1913, refused to discharge Hancock and remanded him to the custody of the sheriff. Hancock excepted to the judgment. *Held:*

1. It has been held in a number of cases by this court that a judge of the superior court of this State has no authority to suspend the execution of a sentence imposed by him in a criminal case, except as incidental to a review of the judgment under which the sentence was imposed. *Daniel* v. *Persons,* 137 *Ga.* 826 (74 S. E. 260), and cases cited; *Short* v. *Dowling,* 138 *Ga.* 834 (76 S. E. 359).

(*a*) The same is true as to the judge of a city court.

2. A trial judge has no more authority to indefinitely suspend the imposition of the punishment prescribed by law upon one who has been found guilty of a crime, or has entered a plea of guilty, than to indefinitely suspend the execution of a sentence after its imposition. *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175).

3. The city-court judge was not without jurisdiction, by reason of the order suspending sentence, to subsequently impose the sentence, nor was it necessary that a rule nisi should have been issued, calling upon the defendant to show cause why the sentence should not have been imposed. See cases above cited; *Fuller* v. *State,* 100 Miss. 811 (57 So. 806, 39 L. R. A. (N. S.) 242), and cases there cited; *Hoggett* v. *State,* 101 Miss. 269 (57 So. 811); 12 Cyc. 772.

*Judgment affirmed. All the Justices concur.*
OCTOBER 4, 1913.

Habeas corpus. Before Judge Graham. Pulaski superior court. June 10, 1913.

*M. H. Boyer,* for plaintiff.

*Marion Turner* and *W. L. & Warren Grice,* for defendant.