## COOK *v.* JENKINS, sheriff.

HILL, J. 1. The general rule is that a judge of the superior court of this State has no authority to suspend execution of a sentence imposed by him in a criminal case, except incidentally to a review of the judgment under which the sentence was imposed. *Hancock* v. *Rogers*, 140 *Ga.* 688 (79 S. E. 558).

(*a*) Where a defendant was convicted of a misdemeanor in selling and keeping intoxicating liquors, and a sentence was imposed directing that he be confined in the county jail for a term of six months, to be discharged upon the payment of a fine of $500, to include the cost; and also that he serve twelve months on the chain-gang, but this latter penalty to be suspended on condition that the accused should leave the State, so much of the sentence as imposed the penalties mentioned was legal and enforceable, but that part which related to suspension of the penalty of serving a term on the chain-gang was illegal; and the defendant having been arrested after payment of the fine specified in the

sentence, the judge properly refused to discharge him on habeas corpus sued out against the sheriff on the theory that the suspension of the sentence was enforceable.

(b) The probation act of 1913 (Acts 1913, p. 113) has no reference to the discharge of a defendant on habeas corpus, and there is nothing in its provisions which renders that law applicable to the facts in this case.

2. None of the assignments of error show cause for a reversal.

<em>Judgment affirmed. All the Justices concur.</em>

APRIL 11, 1917.   REHEARING DENIED APRIL 28, 1917.

Habeas corpus.   Before Judge Smith.   Campbell superior court. October 23, 1916.

The sentence referred to in the syllabus (supra) was passed by Judge Daniel. It began with the following words: "On request of the defendant and his counsel in open court, before sentence was imposed, that sentence in this case be so molded as to permit him to leave the State of Georgia, and that he desires to begin a new life elsewhere, and that for that reason he desires that part of the sentence in this case be suspended," etc. It then imposed the penalties stated in the headnote, and closed with the words: "It is further ordered that the sentence of twelve months in the chain-gang be suspended for thirty days from this date, to enable the defendant to carry out his wish to leave the State of Georgia."

*J. F. Golightly,* for plaintiff.

*Claude C. Smith* and *George M. Napier, solicitor-general,* contra.