## 10101. AVERY v. THE STATE.

BROYLES, P. J. 1. A judge in this State has no authority to suspend the execution of a sentence imposed by him in a criminal case, except as an incident to a review of the judgment. Neal v. State, 104 Ga. 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175); O'Dwyer v. Kelly, 133 Ga. 824 (67 S. E. 106); Daniel v. Persons, 137 Ga. 826 (74 S. E. 260); Short v. Dowling, 138 Ga. 834 (76 S. E. 359); Hancock v. Rogers, 140 Ga. 688 (79 S. E. 558); Cook v. Jenkins, 146 Ga. 704 (92 S. E. 212); Norman v. Rehberg, 12 Ga. App. 698 (78 S. E. 256).

2. It is clear, from the agreed statement of facts set out in the bill of exceptions, that the sentence imposed was a straight chain-gang sentence, and that its execution was suspended, and that the defendant was not placed on probation; consequently the provisions of the probation act of 1913 (Ga. Laws, 1913, p. 112) have no application to this case.

3. The judge having no authority to suspend the sentence imposed upon the defendant, and the defendant having subsequently been arrested and put in the chain-gang to serve out the sentence, the judge did not err in refusing the defendant's motion "to cancel and enter satisfied the judgment and sentence." See authorities cited above. This is true although the sentence imposed was twelve months in the chain-gang, and the subsequent arrest of the defendant was after the expiration of twelve months from the date of the sentence. Neal v. State, Norman v. Rehberg, Daniel v. Persons, supra.

> Judgment affirmed. Bloodworth and Harwell, JJ., concur.
> DECIDED OCTOBER 22, 1918.

Motion for discharge of prisoner; from city court of Oglethorpe —Judge Greer. July 25, 1918.

The facts in the agreed statement were as follows:

"(1) There were pending three cases in city court of Oglethorpe against movant, and the same against five brothers, which last had not been arrested. Movant was convicted before Hon. Z. A. Littlejohn, presiding, and a jury, and defendant was sentenced for

twelve months on the chain-gang, and after serving five months could be relieved upon the payment of a fine of $200. A motion for new trial was made and is now pending. (2) The movant importuned the solicitor, through counsel and friends, and conferences were had which ultimated in a promise from the solicitor to recommend the disposition which is herein recited; which proposal was stated in open court by the solicitor. (3) All of the said defendants and three others came into court, and, after full, open, public recommendation of solicitor Jule Felton, said six defendants entered a plea of guilty in one case each, and fines were imposed; in one case each the costs were paid, aggregating $950 from said six named and three other defendants, including costs and fines. A plea of guilty was entered by all six of said defendants, including movant, and a straight chain-gang sentence was imposed upon each and all in another case, for keeping prohibited quantities of whisky. The court stated that he was willing to adopt the recommendations of the solicitor, and, while he had no authority to suspend sentence, the defendant was making the proposition, and if said defendant ever appeared in the State of Georgia after the first day of the following May, following the sentence, the sheriff would take charge of him and put him on the chain-gang to execute said sentence. This course was adopted as to all of the defendants. (4) Movant maintained his family at the same residence, in a mile and a half of Montezuma, Macon county, and State of Georgia; and, over objection of the solicitor and in the teeth of his agreement as to leaving the State, said movant came to his house at will, at least once a week, from the day of the imposition of the sentence complained of. The solicitor notified movant's counsel of many complaints as to the breach of his agreement and continuance of infractions of the prohibition law. (5) Movant is held in confinement under the sentence hereto attached and marked Exhibit 'A,' and is now in the chain-gang. The sentence was at once placed upon the minutes of the court. After the payment of the fines and costs as above stated, the defendants were permitted to leave the court unattended and unguarded. There has never been any service of said sentence attached by movant except since June 19, 1918, when he was arrested by the sheriff at Macon, Georgia, and placed in charge of the warden of the chain-gang. (6) On June 19, 1918, movant brought against D. M. Hicks, sheriff, and

J. T. O'Shields, chain-gang warden, a writ of habeas corpus, before the judge of the superior court, raising the question of the validity and legality of the detention of movant in the chain-gang of Macon county. All the facts set out herein were substantially proven in evidence upon the trial of said habeas corpus. The judge decided the case against movant—that the detention was legal—and remanded movant to the custody of said chain-gang warden. Movant presented a bill of exceptions which has not yet been heard or disposed of." "Exhibit A. The State vs. Quill Avery. No. 1421. Accusation for keeping more than 2 quarts of whisky on hand. In city court of Oglethorpe. Plea of guilty. April term, 1917. Whereupon it is ordered, considered, and adjudged by the court that the defendant, Quill Avery, be confined to labor in the chain-gang on the public works for and during the term of twelve months. Judgment signed this 19th day of April, 1917. R. L. Greer, J. C. C. O.'"

*H. B. Moss, Jere M. Moore,* for plaintiff in error.
*Jule Felton, solicitor,* contra.