CONLEY *v.* POPE, sheriff.

HINES, J. 1. Where a female, under indictment for a misdemeanor, pleads guilty, the judge may in his discretion sentence her to labor and confinement in the woman's prison on the State farm. Penal Code, § 1065.

2. Where, upon the entry of her plea of guilty to such indictment, the female defendant was sentenced to work on the State farm at Milledgeville, or on such other works as the authorities of said State and farm shall direct, for a term of twelve months, and to pay a fine of $75, on payment of which the said farm sentence was to be suspended during the defendant's good behaviour, such sentence, when properly construed, sentenced the defendant to pay a fine of $75 and to labor and confinement in the woman's prison on the State farm, in lieu of a chain-gang sentence; and that portion of the sentence subjecting her to work "on such other works as the authorities of said State and farm shall direct" is to be interpreted as sentencing the defendant to do such work as may be required of a female convict sentenced to labor and confinement in the woman's prison on and at such farm.

3. The oral remarks of the judge to the sheriff, in passing sentence on the defendant, to watch after her, and if he had further trouble with her to take her to the chain-gang, can not be construed as placing the defendant upon probation, under the act of August 16, 1913 (Acts 1913, p. 112), as such oral declarations of the judge constitute no part of the sentence. *Lytle* v. *DeVaughn,* 81 *Ga.* 226 (2) (7 S. E. 281); *Freeman* v. *Brown,* 115 *Ga.* 23, 27 (41 S. E. 385); *Alexander* v. *Chipstead,* 152 *Ga.* 851, 861 (111 S. E. 552); *Foy* v. *McCrary,* 157 *Ga.* 461 (121 S. E. 804).

4. The trial judge had no power to suspend the portion of the sentence subjecting the defendant to work and confinement upon the State farm. *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175); *Hancock* v. *Rogers,* 140 *Ga.* 688 (2) (79 S. E. 558); *Cook* v. *Jenkins,* 146 *Ga.* 704 (92 S. E. 212); *Avery* v. *State,* 22 *Ga. App.* 746 (97 S. E. 204). So much of the sentence as imposed the penalties mentioned is legal and enforceable, but that part which related to the suspension of the penalty of serving a term on the State farm was illegal; and the defendant having been arrested after the payment of the fine specified in the sentence, the judge properly refused to grant to her

---

Criminal Law 16 C. J. pp. 1313, n. 96, New; 1333, n. 48; 1335, n. 71, New, 79; 1336, n. 88; 1362, n. 12; 1376, n. 18, New.

Habeas Corpus 29 C. J. pp. 57, n. 85; 143, n. 13.

the writ of habeas corpus sued out against the sheriff. *Cook* v. *Jenkins*, supra. This is true although the subsequent arrest of the defendant was after the expiration of twelve months from the date of the sentence. *Neal* v. *State*, supra; *Daniel* v. *Persons*, 137 *Ga.* 826 (74 S. E. 260); *Norman* v. *Rehberg*, 12 *Ga. App.* 698 (78 S. E. 256).

5. Construing the petition of the applicant most strongly against her, and construing the language of the petition of the defendant, "that she has paid said fine and served said sentence," in connection with her further allegation therein, "that she was put on probation by the judge of the superior court of said county, under the care and custody of the sheriff," the meaning of the former allegation is, not that she had served her sentence at the State farm, but that she had served it under said alleged probation, which, we have seen, was not provided for in her sentence.

6. Applying the above principles, the court did not err in refusing to grant to the defendant the writ of habeas corpus sued out against the sheriff.          *Judgment affirmed. All the Justices concur.*

No. 5023. DECEMBER 19, 1925.

Habeas corpus. Before Judge Persons. Butts superior court. July 17, 1925.

Georgia Conley was indicted in Butts superior court for possessing intoxicating liquor. She pleaded guilty; and was "sentenced to work on the State farm at Milledgeville, Georgia, or on such other works as the authorities of said State and farm shall direct, for a term of twelve (12) months from the date of her reception on said farm, and pay a fine of seventy-five dollars; on payment of the sum of $75.00, the fine imposed, to the proper officers of the court, the State farm sentence above imposed will be suspended during the defendant's good behaviour." This sentence was imposed on February 25, 1924. The defendant paid this fine at the term of court at which it was imposed. On July 17, 1925, she presented to the judge of the superior court of said county her petition for habeas corpus against the sheriff of said county, in which she alleged the foregoing facts; and further alleged, that she was put on probation by the judge of the superior court of said county, under the care and custody of the sheriff, the judge stating to the sheriff to watch after her, and if he had further trouble to take her to the chain-gang; that she has paid said fine and served said sentence, and that the same has long since expired; and "that said sentence is void from the beginning and contrary to law." She prayed for the writ of habeas corpus. On the presentation of this petition the judge passed the following order: "It is ordered and adjudged by the court that the petition fails to show

affirmatively that the petitioner is being restrained of her liberty illegally; and instead alleges that the petitioner is in the custody of the sheriff under the terms of a judgment and sentence of the court, a copy of which is attached as a part of the petition, the only portion of which she has fulfilled and complied with being the payment of the fine imposed; she having actually served no portion of the time on the State farm to which she was sentenced. Therefore, under the decisions of the Supreme Court in the cases of *Neal,* 104 *Ga.* 509; *Daniel,* 137 *Ga.* 826, and cases of like nature, all of that portion of the court's sentence providing for the suspension thereof is null and void. The writ of habeas corpus is for this reason denied." To this judgment the defendant excepted on the grounds that it was contrary to the law and the evidence, and that the judge erred in denying the writ of habeas corpus to the petitioner, for the reason that the same was demanded by the law and the evidence in said case.

   *O. M. Duke,* for plaintiff.

   *Frank B. Willingham, solicitor-general,* for defendant.