## 15300. KENNEY v. ARMOUR FERTILIZER WORKS.

1. Where a surety suffers injury arising collaterally and not affecting the contract itself, " the discharge is only to the extent of the loss or injury, and, if that be not as great as the liability of the surety, then pro tanto."

2. If there were any errors in the charge of the court, or in the refusal to permit counsel for the defendant to open and conclude the argument before the jury, under the ruling of the Supreme Court these errors were harmless.

DECIDED FEBRUARY 4, 1926.

Complaint; from city court of Blakely—Judge Gray. January 7, 1924.

*W. G. Park, Glessner & Collins,* for plaintiff in error.

*Pope & Bennet, Lowrey Stone,* contra.

BLOODWORTH, J. 1. The facts will be found in the original opinion in this case, 33 *Ga. App.* 126.

In the brief of plaintiff in error is the following: "The controlling question before this court for determination is: Was the defendant surety under the uncontroverted facts wholly 'discharged' from liability on the note by reason of plaintiff's breach of its contractual duty to keep the cotton insured, or merely 'relieved' pro tanto of his obligation to pay to the same extent as would be his principal were she a party to the suit?" This court held that under the pleadings and the evidence the surety was relieved from

all liability. .By writ of certiorari the case was carried to the Supreme Court, and that court reversed the judgment of this court, and held that the surety was discharged pro tanto only. The headnote to that opinion is made a headnote to this one. For the full opinion of the Supreme Court see 161 *Ga.* 477 (131 S. E. 168).

2. Under the ruling of the Supreme Court in this case and the facts as shown by the record, a verdict disallowing any recovery by the defendant on his counter-claim was demanded. Hence, if there were any errors in the charge, or in the refusal to permit counsel for the defendant to open and conclude the argument before the jury, the errors were harmless and do not require another hearing of the case. Moreover, as to the last point, defendant's counsel in their brief make the following statement: "If the defendant is not to be given an opportunity to recover on his cross-action against the plaintiff the proceeds of this indefensible sale of his cotton, then we wish to be understood as abandoning the last (11th) ground of his motion." This ground of the motion complained of the refusal of the court to permit counsel for the defendant to open and conclude the argument before the jury.

3. Under the ruling of the Supreme Court it is ordered that the prior judgment of this court be vacated; and the judgment of the superior court is

> *Affirmed. Broyles, C. J., and Luke, J., concur.*