## SMITH *v.* JACKSON, sheriff.

A sentence that the accused pay a fine of fifty dollars and costs within five days, and further that he work in the chain-gang on the public works for a term of twelve months, and "that the chain-gang sentence imposed herein be suspended, upon the payment of said fine and costs, until further ordered by the court," was not in the alternative. It was not error to refuse, on habeas corpus, to release the accused (who had paid the fine imposed), and to direct that the sentence be executed.

No. 5786. APRIL 18, 1927.

Habeas corpus. Before Judge Fortson. Clarke superior court. December 7, 1927.

*Carlisle Cobb* and *Lamar C. Rucker,* for plaintiff.

*Henry H. West, solicitor-general,* for defendant.

RUSSELL, C. J.　On January 23, 1924, the judge of the superior court of Clarke County imposed the following sentence: "It is considered and adjudged by the court that the said defendant E. W. Smith do pay a fine of fifty dollars, including all costs of this prosecution, within five days from this time, during which time the said defendant will be in the custody of the sheriff of this county. It is further ordered by the court that said defendant do work in a chain-gang on the public works for the full term of twelve months to be computed from the time the said defendant is set to work in such chain-gang. It is ordered by the court that said defendant be turned over to the ordinary or commissioners of this county, who are required to deal with and dispose of said defendant according to this sentence. It is further ordered by the court that the chain-gang sentence imposed herein be suspended, upon the payment of said fine and costs, until further ordered by the court." On December 7, 1926, Smith filed a petition alleging that he was illegally restrained of his liberty by the sheriff under the cause or pretense of the above sentence, which is attached to the petition, and that the fine imposed upon petitioner in said sentence had been fully paid at the term of court at which said sentence was imposed; and praying that the writ of habeas corpus issue for the purpose of examining into the cause of detention. In response to the writ the sheriff answered that the cause of the defendant's detention "is a warrant from the city court of Athens, and there is also a commitment from the Federal committing court. However, these have agreed that the

Criminal Law, 16 C. J. p. 1308, n. 30; p. 1368, n. 9.

said E. W. Smith be brought before your honor for a hearing as to whether or not the said E. W. Smith be required to serve the sentence referred to in said Smith's petition, imposed by your honor on January 23, 1924, copy of which is annexed to petition of said Smith. In the other two matters bonds have been fixed and may be made at any time by said Smith. In the proceeding before your honor upon said former sentence no bond can be accepted by me without an order to that effect from your honor." At the hearing the case was submitted upon the pleadings as evidence; and after argument the court ordered that the petitioner be "turned over to said W. E. Jackson, sheriff, for the purpose of carrying out the order and sentence of this court passed on" January 23, 1924. To this order the petitioner excepted. The sentence was not an alternative sentence, and the trial judge did not err in refusing to release the petitioner upon the petition for habeas corpus, or in directing that the former sentence of the court be executed. *Conley* v. *Pope,* 161 *Ga.* 462 (4) (131 S. E. 168), and cit.; *Norman* v. *Rehberg,* 12 *Ga. App.* 698 (78 S. E. 256). *Judgment affirmed. All the Justices concur.*