SCOTT *v.* GRIFFIN, sheriff.

GILBERT, J. Kenneth J. Scott, at the same term of court, entered pleas of guilty to two misdemeanors. The sentence imposed in each case was that the defendant "pay a fine of two hundred and fifty dollars, . . . and be confined for a term of 12 months in the chain-gang." The sen-

tence also provided: "Upon payment of the fine above imposed in the above-stated case, the 12 months chain-gang sentence is suspended during the good behavior of the defendant. Any further violation of the prohibition law in any respect will be treated as a violation of this suspended sentence, and the sheriff will be ordered to take the defendant instanter and convey him to the chain gang without further hearing, conditioned only upon the court being satisfied that the defendant has violated the prohibition law." In the second sentence it was provided that the term of service should begin to operate immediately upon the expiration of the first sentence. It was admitted that the fine in the first case was paid, but it does not appear that the fine in the second case was paid. Scott was rearrested on the ground that he had violated the stipulation in the purported suspension of his sentences. He brought habeas corpus, and after a hearing the court refused to release him, and ordered that he be delivered to the county authorities for the purpose of carrying out his original sentences. Scott excepted. *Held:*

1. There was no authority of law for the suspension of the sentences, and a provision in the sentence to that effect is a nullity. *Daniel* v. *Persons,* 137 *Ga.* 826 (74 S. E. 260); *Cook* v. *Jenkins,* 146 *Ga.* 704 (92 S. E. 212); *Conley* v. *Pope,* 161 *Ga.* 462 (131 S. E. 168); *Kemp* v. *Meads,* 162 *Ga.* 55 (132 S. E. 533), and cit.

(*a*) The above ruling is not affected by reason of the fact that the length of time for which the petitioner was sentenced has expired, where it appears that he has not actually served such sentences.

(*b*) The act of the General Assembly approved August 16, 1913 (Ga. Laws 1913, p. 112), providing for service of sentences under probation, has no application to a sentence like those dealt with in this case. *Cook* v. *Jenkins,* supra. *Judgment affirmed. All the Justices concur.*

No. 7592. APRIL 16, 1930.

*C. L. Hilton,* for plaintiff. *J. H. Howard,* for defendant.