JACKSON *v.* LOWRY, sheriff.

No. 7673.   OCTOBER 17, 1930.

*John Owens, John W. Thomas,* and *W. W. Tindall,* for plaintiff.

*John A. Boykin, solicitor-general, John S. McClelland, solicitor,* and *J. W. LeCraw,* for defendant.

HINES, J. On April 30, 1929, Stonewall Jackson pleaded guilty to an accusation in the city court of Atlanta, charging him with possessing intoxicating liquors. The plea entered upon the accusation is as follows: "The defendant waives arraignment, list of witnesses, a copy of accusations, and pleads guilty. This 30th day of April, 1929. A. B. Knowles, Act. Solicitor." Under said plea the defendant was sentenced to serve eight months in the chain-gang upon the public works of Fulton County. He commenced to serve said sentence on May 2, 1929. On August 31, 1929, the judge of said court passed an order suspending the remainder of the sentence, and the defendant was discharged from service in the chain-gang. On January 28, 1930, the judge revoked the order suspending said sentence, and ordered the sheriff to deliver the defendant to the warden of Fulton County, to serve the remainder of the sentence as originally imposed. The sheriff under said order arrested the defendant for the purpose of delivering him to the warden to serve the remainder of the sentence. Thereupon the defendant sued out the writ of habeas corpus, seeking to be discharged from the custody of the sheriff. He based his application for such discharge upon the grounds that the original sentence was void, because it was imposed upon him without the verdict of a jury, or a judgment of the court finding him guilty, or plea of guilty entered by him on the accusation, and that the order revoking the order suspending the sentence was illegal. On the hearing the court admitted in evidence an affidavit of Arthur Knowles, the acting solicitor of the city court, to the effect that the defendant did appear in said court on April 30, 1929, and did enter his plea of guilty to said accusation. The affidavit was received over objection that it was a supplement to the original record in the court. The defendant excepted and assigns this ruling as error.

■ In a criminal proceeding a confession of the offense by the party charged, by a plea of guilty, is the highest kind of conviction of which the case admits, and subjects him precisely to the same punishment as if he were tried and found guilty by verdict.

2 Hawk. P. C. c. 31, § 1; 2 Hale's P. C. 225; 4 Bl. Com. 362; 1 Archbold's Crim. Pr. & Pl. 110; State v. Almy, 67 N. H. 274 (28 Atl. 372, 22 L. R. A. 744); Pope v. State, 56 Fla. 81 (47 So. 487, 16 Ann. Cas. 972); State v. Branner, 149 N. C. 559 (63 S. E. 169); State v. Comery, 78 N. H. 6 (95 Atl. 670); Territory v. Miller, 4 Dak. 173 (29 N. W. 7).

█ Upon arraignment under an accusation, the defendant shall be required to answer whether he is guilty or not guilty of the offense charged therein, "which answer or plea shall be made orally by the prisoner or his counsel. If the defendant pleads guilty, such plea shall be immediately recorded on the minutes of the court by the clerk, together with the arraignment, and the court shall pronounce upon such prisoner the judgment of the law, in the same manner as if he had been convicted of the offense by the verdict of a jury. Penal Code, § 971. If the clerk fails or neglects to record the arraignment and plea of guilty at the time the same is made, it may and shall be done at any time afterwards by order of the court, and this shall cure the error or omission of the clerk. Penal Code, § 973. Where there is an entry on the accusation, of waiver of arraignment and plea of guilty, signed by the acting solicitor, such record entry furnishes prima facie evidence of a plea of guilty by the defendant. Tarver v. State, 95 Ga. 222 (21 S. E. 381). In the absence of anything to the contrary, it will be presumed that the accused orally pleaded guilty and that the clerk of the court entered the plea of guilty upon the minutes of the court as required by the Code.

█ The general rule is that a judge of a criminal court of this State has no authority to suspend execution of a sentence imposed by him in a criminal case. Where he does suspend such sentence, the order suspending the same may be revoked, and the prisoner be required to serve his sentence. Neal v. State, 104 Ga. 509, 517 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175); Wall v. Jones, 135 Ga. 425 (69 S. E. 548); Roberts v. Wansley, 137 Ga. 439 (73 S. E. 654); Conley v. Pope, 161 Ga. 462 (131 S. E. 168); Kemp v. Meads, 162 Ga. 55 (132 S. E. 533); Scott v. McClelland, 162 Ga. 443 (133 S. E. 923); Smith v. Jackson, 164 Ga. 188 (138 S. E. 52); Norman v. Rehberg, 12 Ga. App. 698 (78 S. E. 256).

█ If it were error for the court to have admitted the affidavit of the acting solicitor to the effect that the defendant had entered a

plea of guilty, such error is harmless, as a plea of guilty by the defendant appears from the record in the case; and the ruling does not-require a reversal of the judgment.

 A plea of guilty by the defendant and his sentence for the offense charged appearing in the record, the court did not err, under the rulings above stated, in refusing to discharge him under his application for the writ of habeas corpus.

*Judgment affirmed.   All the Justices concur.*