COLLIER *v.* COLLIER, warden.

No. 7648.   NOVEMBER 14, 1930.

*Claud Brackett* and *Roy S. Drennan,* for plaintiff.

*John A. Boykin, solicitor-general, John S. McClelland, solicitor,* and *J. W. LeCraw,* for defendant.

BECK, P. J.   Ethel Collier sued out a writ of habeas corpus in behalf of one Willie Henderson, who was held as prisoner by C. F. Collier, as convict warden of Fulton County, under a sentence which had been imposed by the judge of the criminal court of Atlanta. After a hearing of the case upon a statement of facts agreed upon by the parties, the judge passed an order remanding the prisoner to the custody of the warden; and to this judgment the plaintiff excepted.   No issue of fact was raised, but only a question of law was made for decision.   That question arose upon the following facts:   Willie Henderson was given a sentence of twelve months on the chain-gang.   The sentence contained the usual provision that it be computed from the date of delivery to the warden. She was delivered to the warden, and served about six months of the sentence.   The trial judge then signed an order directing that the remainder of the sentence be suspended.   More than a year after the date of the original sentence, Willie Henderson was again taken into custody and held by Collier, the warden, under the remainder and unserved portion of her sentence which had been suspended.   This was done in conformity to an order of the judge revoking the previous order suspending the sentence.   The habeas corpus was then sued out, alleging that the detention by the warden was illegal.   The judge on hearing the application for a writ of habeas corpus, ruled that, "under the facts alleged and admitted, the party sought to be released, Willie Henderson, has not completed and served the full term of sentence originally imposed."

It is conceded in the brief of counsel for plaintiff in error that the prisoner had been released from custody before completing the service of the sentence, upon a void order of the court.   That being true, it was not error for the court, under the agreed statement

of facts, to adjudge that the prisoner be remanded to custody that she might serve the remainder of the sentence. It is unnecessary to elaborate this ruling. Every phase of this question has been discussed and settled in prior adjudications by this court. *Conley* v. *Pope,* 161 *Ga.* 462 (131 S. E. 168); *Scott* v. *McClelland,* 162 *Ga.* 443 (133 S. E. 923); *Roberts* v. *Wansley,* 137 *Ga.* 439 (73 S. E. 654); *Kemp* v. *Meads,* 162 *Ga.* 55 (132 S. E. 533); *Smith* v. *Jackson,* 164 *Ga.* 188 (138 S. E. 52); *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175).

*Judgment affirmed. All the Justices concur.*