WATTERS *v.* BETTS, sheriff.

No. 7912. JANUARY 22, 1931.

*M. B. Eubanks,* for plaintiff.    *Lamar Camp,* for defendant.

HINES, J.   Watters was tried at the September term, 1929, of the city court of Floyd County, upon an accusation charging him with the offense of possessing intoxicating liquor. He pleaded guilty, and the judge sentenced him to pay a fine of $50 and all costs, and to be confined at the State Farm for a period of twelve months; and ordered that the latter part of said sentence be suspended until the further order of the court. Watters paid the fine and costs, and was released from custody. On May 12, 1930, the judge of the city court passed an order directing that the sentence be enforced, and that the defendant be confined at the State Farm for twelve months to be computed from date of his reception. Watters was arrested under this order. He sued out a writ of habeas corpus on the grounds that the judge was without jurisdiction and authority to suspend the sentence, and the suspension was illegal and void; that the order directing that the sentence be enforced, and that defendant be confined at the State Farm for twelve months was passed without notice to him and without giving

him 'any opportunity to be heard; that the September term, 1929, of the city court had expired by law five days before the December term of that court convened, and that after the term at which the sentence was imposed the judge lost control over the sentence, and was without jurisdiction or authority to pass any order in the case. The application for habeas corpus was demurred to on the ground that it set forth no cause of action. The judge sustained the demurrer, and dismissed the application. Watters excepted.

The judge of the city court had no authority to suspend that part of the sentence subjecting the defendant to confinement at the State Farm. *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175) ; *Hancock* v. *Rogers,* 140 *Ga.* 688 (79 S. E. 558) ; *Cook* v. *Jenkins,* 146 *Ga.* 704 (92 S. E. 212). That portion of the sentence was legal and enforceable, but the order relating to suspension of the penalty of serving a term at the State Farm was illegal. *Conley* v. *Pope,* 161 *Ga.* 462 (131 S. E. 168). Although the judge was without authority to pass the order revoking the suspension of a portion of the sentence, because the term of the court at which it was imposed had expired, and because the order of revocation was passed without notice to Watters, yet, applying the above principles, the court did not err in refusing to discharge him on habeas corpus.

<div align="center">

*Judgment affirmed. All the Justices concur.*