PACE *v.* HORTON, sheriff.

No. 14147.   November 10, 1942.

*Kelly & Hicks,* for plaintiff.

*H. L. Lanham, solicitor-general,* for defendant.

HEWLETT, Justice. In *Davis* v. *State,* 192 *Ga.* 648 (16 S. E. 2d, 428), this court held: "Where a defendant is convicted of crime, and is not sentenced during the current term, and the failure or omission to pass sentence is not at the request or consent of the defendant, but, in the absence of any order or entry, is due altogether to the inaction or oversight of the court, the court, during the succeeding term or terms, does not lose jurisdiction of the

case and the person of the defendant, so that the court may not cause the defendant to appear before the court during such subsequent term and be sentenced as if sentence were being passed during the term current with the trial." See *O'Dwyer* v. *Kelly*, 133 *Ga.* 824 (67 S. E. 106); *Roberts* v. *Wansley*, 137 *Ga.* 439 (73 S. E. 654).

It may be true that the sheriff had no right to hold the defendant indefinitely for the imposition of a sentence. The bill of exceptions alleges that "the demurrer to the habeas-corpus petition was sustained after the imposition of the sentence," and the record shows that the sustaining of the demurrer and the imposition of the sentence were on February 7, 1942. However, the petition for habeas corpus was filed on the complaint that there was a pretended sentence by the court. But the record must be construed as meaning that the judge simultaneously imposed the sentence and signed the order on the demurrer. In addition, the plaintiff in his brief complains only that the court had no authority to sentence him.

The court correctly sustained the demurrer to the petition for writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*