FORTSON *v.* ELBERT COUNTY.

As to felonies, by the Penal Code, § 1041, and as to misdemeanors, under general principles of criminal law, if a defendant is found guilty of more than one offense, and the imprisonment under one sentence is to commence on the expiration of the other, the sentence must so state; else the two punishments will be executed concurrently, and the defendant be entitled to his discharge on the expiration of the longest term.

Argued January 19,—Decided February 10, 1903.

Petition for habeas corpus.    Before Judge Holden.    Elbert superior court.    December 22, 1902.

*George C. Grogan,* for plaintiff.

*W. D. Tutt and C. P. Harris,* for defendant.

LAMAR, J.    Fortson, having been convicted in the city court of Elberton at the November term, 1901, was sentenced on one day to twelve months imprisonment for one offense, and on the next day tried, convicted, and sentenced to twelve months imprisonment for the second misdemeanor.    At the expiration of twelve months he applied for a discharge under a writ of habeas corpus, and showed that the judgment in the second case did not provide that the imprisonment thereunder should begin from the expiration of the sentence under the first verdict.    The application was denied, and he excepted.    He insisted that the two terms had been running concurrently; that he had served out the sentence of the law, and was entitled to be set at liberty.    This contention was, we think, correct.    It may be that at common law there was little or no chance for successive punishments for felonies, the usual sentence being death.    At any rate, In re Lamphere, 61 Mich. 105, it was held that the right to postpone a punishment for imprisonment until another term had expired did not apply in felony cases; and according to James *v.* Ward, 2 Metcalf (Ky.), 272, and Miller *v.* Allen, 11 Ind. 390, courts have no power to postpone the term when an imprisonment should begin, a statute being needed to confer such authority.    It might even be argued that Penal Code, § 1041, was enacted in order to confer the power to impose successive sentences in felonies as it already existed in misdemeanor cases; for certainly as to them, at common law, "if an imprisonment is to commence on the expiration of another one, the sentence must so state; else the two punishments will be executed simultaneously."    1 Bishop's N. Cr. Pr. §§ 1310 (3), 1327.    The Penal Code, § 1041, adopts the same rule in this State as to felonies, because it is there provided that "Where a person shall be prosecuted and convicted on more than one indictment, and the sentences are imprisonment in the penitentiary, such sentences shall be severally executed, the one after the expiration of the other; and the *judge shall specify in each the time when the imprisonment shall commence and the length of its duration.*"

It was argued that at the time of the adoption of this section there was no distinction between imprisonment in the penitentiary and in the chain-gang, that the latter was a sort of penitentiary, and that the statue should be liberally construed in aid of a citizen. ‎ Whether this be correct or not is, we think, immaterial, as it nowhere appears that the legislature has ever abolished the common-law rule that (certainly as to misdemeanors) the time the second sentence must begin shall be stated in the sentence. Failure to make such provision leaves the defendant in a position where he can claim that he has served either of the sentences, or both. And this is not a mere technical right. It might be of substantial importance; for if a man had been convicted of several crimes, and had been sentenced to imprisonment, and had served the longest term, and one of the judgments should be set aside on motion in arrest, it would not do for the State to say that the time which he had actually served was to be referred to the arrested judgment, and then retain him in prison under the valid sentence. A citizen's liberty is too precious, and the judgment of imprisonment too solemn, for the defendant at the expiration of the sentence to be left in any uncertainty as to his status. On the other hand, where certain penalties, discipline, labor, or forms of confinement might be proper as to one and improper as to the other, it would not do to let the defendant say that he had been serving a term under only one sentence, and sue the jailer or keeper for damages because, while such treatment was proper in one case, it was improper as to the other. Neither the State nor the defendant ought to have any option, and the order of the court should be so definite as to leave no room for discussion. In the present instance, nothing having been said as to when the second sentence was to begin, the time began to run on both as soon as the defendant was taken into custody, and he was entitled to his discharge when the longest term had been fully served.　　　　　*Judgment reversed. By five Justices.*