### HIGHTOWER *v.* HOLLIS.

1. The principle ruled in *Fortson* v. *Elbert County,* 117 *Ga.* 149, that "if a defendant is found guilty of more than one offense, and the imprisonment under one sentence is to commence on the expiration of the other, the sentence must so state; else the two punishments will be executed concurrently," has no application in a case where the different sentences were imposed by different courts.

2. One who, without objection, goes to trial before a judge who, under the law, receives his compensation from the fines imposed upon those convicted in his court, will not be heard, after conviction, on the trial of a petition for habeas corpus, to urge that the act establishing the court in which he was convicted is void because the method provided for compensating the judge is contrary to public policy.

Argued October 19, — Decided November 10, 1904.

Habeas corpus. Before Judge Reagan. Monroe superior court. August 10, 1904.

*A. A. Murphey*, for plaintiff. *O. H. B. Bloodworth, W. W. Lambdin*, and *Samuel Rutherford*, for defendant.

CANDLER, J. This was a petition for habeas corpus, brought to secure the release of Hightower from the chain-gang of Monroe county. The case was submitted to the judge of the superior court of the Flint circuit, upon the pleadings and an agreed statement of facts. The prayers of the petition were denied, and Hightower excepted. From the statement of facts it appears that Hightower was tried and convicted under an accusation brought in the city court of Barnesville, and was sentenced to pay a fine of fifty dollars or be confined in the chain-gang for nine months. He took the case by certiorari to the superior court, and, pending the hearing of the certiorari, was released on bond, in accordance with the terms of the judge's order. Subsequently he was indicted by the grand jury of Pike county on a charge of carrying concealed weapons, to which charge he pleaded guilty, and the judge of the superior court sentenced him to a term of six months on the public works. After his indictment on the charge of carrying concealed weapons, the security on his bond in the city-court case surrendered him to the sheriff, and he was duly imprisoned. Upon the call of the certiorari case the judge of the superior court, for reasons stated, dismissed the certiorari. Hightower was held in jail until ten days after the dismissal of his petition for certiorari, "when he was hired by the commissioners of Pike county to the commissioners of Monroe county, to be worked in the chain-gang of said county. Said hire was for six months, and ended on the 26th of April, 1904, at which latter time the judge of the said city court hired him to the same chain-gang for the term of nine months, as provided in the city-court sentence," and Hightower is now confined in that chain-gang in the charge of Hollis. The contentions of the petition for habeas corpus are, first, that the two sentences, one imposed by the judge of the city court and the other by the judge of the superior court, were concurrent as to time, and that, having been confined for the duration of the longer sentence, he has completed his full term; and, second, that the sentence by

the judge of the city court of Barnesville was illegal and void, because the act creating that court is unconstitutional, in that it provides that the judge shall receive compensation for services out of the fines imposed upon those convicted in that court.

1. The case of *Fortson* v. *Elbert County*, 117 *Ga*. 149, is relied upon by counsel for the plaintiff in error as authority for the contention that the two sentences were concurrent. An examination of that case shows that it is not applicable to a state of facts like the present. It was there held, in effect, that if one is found guilty of more than one offense, and the imprisonment under one sentence is to commence on the expiration of the other, the sentence must so state, or the two punishments will be executed concurrently. It is apparent from a consideration of the opinion in that case that the principle ruled is applicable only where the two or more sentences are imposed by the same court. This court was showing that the law as to misdemeanor sentences at common law was the same as it now is in felony cases, under the Penal Code, § 1041, which provides that "where a person shall be prosecuted and convicted on more than one indictment, and the sentences are imprisonment in the penitentiary, such sentences shall be severally executed, the one after the expiration of the other; and the judge shall specify in each the time when the imprisonment shall commence and the length of its duration." In the opinion delivered by Mr. Justice Lamar, the last clause of the code section quoted is placed in italics, and it seems perfectly clear that that clause had reference only to cases where an accused person convicted of crime should be sentenced at the same term for more than one offense by the same judge. Certainly the rule could not apply where, as in the present case, the two sentences were imposed by different courts.

2. In the view that we take of this case, it is not necessary to decide whether the provision in the act establishing the city court of Barnesville, that the judge of that court shall receive his compensation out of fines imposed upon those convicted in his court, contravenes public policy, or is in violation of the Civil Code, § 4045, which provides that no judge or justice of any court shall sit in any case in which he is pecuniarily interested. We will only remark, in passing, that it is the province of the General Assembly, and not of the courts, to declare what shall be the

public policy of this State; and that in this respect the city court of Barnesville is not different from other courts in Georgia, established by legislative enactment, whose judges receive compensation from the fees of their office. Whether or not such a system is vicious in principle and dangerous in tendency may well be considered a debatable question, but it is a question which has no place in this discussion. Even if it be conceded that this feature of the act establishing the court in question is open to the objections raised against it, that fact would not render the entire act invalid, but would go only to the right of the judge to accept any emolument from the source provided in the act. If there was any merit in the contention, the defendant in effect waived the benefit of it, by going to trial without objection; and he will not be heard, after conviction, to urge the point on the hearing of a petition for the writ of habeas corpus.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., disqualified.*