## SHAMBLIN *v.* PENN.

FISH, C. J. 1. If a defendant be found guilty of more than one offense, and the imprisonment under one sentence is to commence at the expiration of the other, the sentences must so state; else the second punishment will be executed concurrently, and the defendant will be discharged on the expiration of the longer term. *Fortson* v. *Elbert County,* 117 *Ga.* 149 (43 S. E. 492).

(*a*) The same rule applies where two sentences are imposed upon a conviction of separate misdemeanors at the same term of the court, and the judge, under the act approved August 16, 1913 (Acts 1913, p. 112), so molds each of the sentences as to allow the defendant to serve the same as a probationer outside of the confines of the chain-gang, jail, of other place of detention, under the supervision of the court. Such sentences, though to be so served, will run concurrently.

2. In the city court of Floyd county Caleb Shamblin pleaded guilty to an accusation charging him with the offense of gaming, and on March 26, 1917, he was sentenced to a term in the chaingang of eight months. Five days thereafter, in the same court, he pleaded guilty upon an indictment for vagrancy, and a sentence of eight months in the chaingang was imposed on him for that offense. It was not stated in either sentence that it was to commence upon the expiration of the other. Each sentence contained the following provision: "However, it is hereby ordered that Caleb Shamblin is hereby given leave to serve the aforesaid sentence outside the confines of the jail, chain-gang, or other place of detention, as the case may be; provided that the aforesaid person shall indulge in no unlawful, disorderly, injurious, or vicious habits or conduct; shall avoid places and persons of disreputable or harmful character; shall report to the probation officer as directed; shall not leave the jurisdiction of the court without permission; and shall observe such other conditions as are specified below, or as may at any time be required by the court, the judge thereof, or the probation officer. . . The probationer shall report to said probation officer as often as he deems necessary regarding his conduct while on probation." The probationer "violated his probation by running away about thirty days after he was sentenced, and was a fugitive from justice," and as soon as he was captured the judge of the city court passed an order as follows: "March 25, 1918. The defendant, Caleb Shamblin, having violated the terms of his probation, it is ordered that he be delivered to the chain-gang of Floyd county, and complete his sentence of eight months to be computed from this date." On May 8, 1918, a writ of habeas corpus for the discharge of Shamblin was sued out against the warden of the county chain-gang. Upon the hearing the judge of the superior court refused to order Shamblin's discharge. This refusal was excepted to on the ground that it was contrary to law and to the evidence. *Held,* that the judgment complained of was not error. The probation act of 1913 provides that a delinquent probationer may be brought before the court, and "the court, after due examination, may revoke its leave to the probationer to serve his sentence outside the confines of the chain-gang, jail, or other place of de-

.tention." In this case the probationer violated the order of probation by leaving the jurisdiction of the court about thirty days after the imposition of the sentences and the orders of probation, and became a fugitive from justice, and after the expiration of more than eight months from the date of the sentences and orders he was apprehended by a probation officer and taken before the court to be dealt with as a delinquent. He had not at that time served the sentences imposed, and under the facts the court had authority under the act to revoke its leave to the probationer to serve the sentences outside of the chain-gang, and to order that he be confined in the chain-gang; whether for the full term of eight months, or the remaining term after deduction of the time the probationer remained within the jurisdiction of the court and complied with the order of probation, is not now here for decision. Our holding is that the probationer was not entitled to a discharge under the writ of habeas corpus at the time it was applied for. Under the most favorable view to him of the case, he had not served the sentences imposed.        *Judgment affirmed. All the Justices concur.*

No. 979.   NOVEMBER 18, 1918.

Habeas corpus.   Before Judge Wright.   Floyd superior court. May 11, 1918.

*Harris & Harris,* for plaintiff.   *Denny & Wright,* for defendant.