## SULLIVAN *v.* CLARK, warden.

ATKINSON, J. 1. It has been held: "If a defendant be found guilty of more than one offense, and the imprisonment under one sentence is to commence at the expiration of the other, the sentences must so state; else the second punishment will be executed concurrently, and the defendant will be discharged on the expiration of. the longer term. *Fortson* v. *Elbert County*, 117 *Ga.* 149 (43 S. E. 492)." *Shamblin* v. *Penn*, 148 *Ga.* 592 (97 S. E. 520). See also *Simmons* v. *Georgia Iron & Coal Co.*, 117 *Ga.* 305 (8) (43 S. E. 780, 61 L. R. A. 739); 16 C. J. 1306, § 3082; 8 R. C. L. 242, § 242. It has also been held that the principle stated above "has no application in a case where the different sentences were imposed by different courts." *Hightower* v. *Hollis*, 121 *Ga.* 159 (48 S. E. 969). See also 16 C. J. 1306, § 3082.

2. The case under consideration involves two sentences imposed on the same person by different courts for different offenses. As the defendant was engaged in serving the first of the sentences at the time the second was imposed upon him, the recital in the second that it should follow the first, while not essential, was not improper; and the admission in evidence of that part of the language in the second sentence stating that it was to follow the first was not erroneous.

3. As the two sentences imposed by two different courts were to be served consecutively, the second sentence, after all proper allowances of reduction of time for good behavior, as provided in the Penal Code (1910), § 1179, had not expired at the hearing of the application for habeas corpus; and the judge did not err in remanding the petitioner to the custody of the officer.

*Judgment affirmed. All the Justices concur.*

BECK, P. J., and GILBERT, J., concur specially.

No. 3963.    NOVEMBER 13, 1923.

Habeas corpus. Before Judge E. D. Thomas. Fulton superior court. July 3, 1923.

On June 25, 1923, Fred Sullivan presented a petition to a judge of the superior court of Fulton County, alleging that he is "illegally restrained of his liberty," by A. A. Clark Jr., warden of Fulton County convicts, "without process of law," and that the respondent "is subject to the jurisdiction of" the court. Following these allegations was a prayer for the State's writ of habeas corpus. On presentation of the petition the judge issued an order commanding the respondent to produce the body of the petitioner and state the cause of detention at a stated time and place, to be disposed of as the law directs. In his answer to the petition the respondent admitted custody of the petitioner, but denied that his detention was illegal, and alleged that respondent's custody of

petitioner began on July 20, 1922, and that he "is being held on a sentence from the criminal court of Atlanta, wherein he is sentenced to serve a period of 10 months on the public works of Fulton County, to be computed from the date of his delivery, and a sentence from the superior court of Fulton County, wherein it is ordered that he pay a fine of $100.00 and serve 12 months on the public works of Fulton County, and six months in jail, it being provided that said sentence is to follow the one above mentioned, sentence imposed by the criminal court of Atlanta, it being further provided that upon payment of the fine the jail sentence will be served outside the confines of the jail." At the hearing the petitioner introduced copies of certain records showing a petition to the superior court of Fulton County to set aside the sentence of that court referred to in the answer of the respondent, and the verdict on which the sentence was based; also other portions of the record in the case so commenced by the petitioner, including a final judgment adverse to the petitioner. The petition contained various grounds of attack upon the validity of the verdict and sentence. Immediately following the signature of the judge to the final judgment was a certificate of the judge in the form of a writ of error to the Court of Appeals, and an acknowledgment of service by the solicitor-general; but neither the certificate nor anything that preceded it purported to assign error on the final judgment. After introduction of the above-mentioned documentary evidence the petitioner testified substantially as follows: Petitioner was sent to the chain-gang, July 20, 1922, from the criminal court of Atlanta, and remained there until August 3, when he was brought to trial in the superior court under another charge. After his trial he was returned to the chain-gang on the 5th or 6th, and has remained there ever since. His behavior in the chain-gang was good, and on that account he was entitled to a reduction of four days out of each month from his sentence, which had not been allowed him. The combined sentences of the criminal court of Atlanta and of the superior court amounted to twenty-two months, and witness was under the impression "that the sentences were to run together, . . concurrently, both at the same time." Witness's total service amounts to "eleven months and eight days," and if given credit for good behavior witness would be entitled to a discharge, as his time would have been out in June. That is to

say: "Under a twelve-months sentence, provided I got time off for good behavior, I would have to serve ten months and twelve days, and I have made that much time since August 5, 1922. A little more than that much time." The petitioner did not submit any evidence after introduction of his own testimony. The respondent then introduced certified copies of two sentences of court, the first duly signed by the judge of the criminal court of Atlanta, and the second duly signed by the judge of another circuit presiding in the superior court of Fulton County, Georgia, which sentences, omitting the signatures of the judges, were as follows:

"No. 56118　　　　　　Due out 4-20-23.　　.　　　　　Return.

The State 　　　⎫　　Charge, Misdemeanor. Wsky.

　　*vs.*　　　　⎬　In the Criminal Court of Atlanta, Fulton

Fred Sullivan 　⎭　County, Dec. Term, 1921.

"Whereupon it is considered by the court that the defendant, Fred Sullivan, be put to work and labor on the public works of the County of Fulton, or otherwise, as the commissioners of said county may direct, for the space of ten (10) months, to be computed from the date of his delivery upon such public works. By the Court: This 19th day of Dec. 1921."

"No. 19252

The State 　　　⎫　　Charge, Vio. Pro. Law.

　　*vs.*　　　　⎬　In the Superior Court of Fulton County.

Fred Sullivan 　⎭　　July Term, 1922.

"Whereupon it is considered by the court that the defendant, Fred Sullivan, pay a fine of one hundred dollars, and all costs of this prosecution, be put to work and labor on the public works of the County of Fulton, or otherwise, as the commissioners of said county may direct, for the space of twelve (12) months, to be computed from the date of his delivery, and six months in jail; on payment of fine and cost the jail sentence will be served outside confines of jail, to follow No. 56118 City Criminal Court. By the Court: This 3rd day of Aug. 1922."

When the sentence from the superior court dated August 3, 1922, was offered in evidence, the petitioner objected to its admission, and moved to reject that part thereof which reads, "to follow No. 56118 City Criminal Court," on the ground that the same "is irrelevant, immaterial, and incompetent, in that" the respondent sought in his answer to justify the detention of petitioner on the

basis of a sentence imposed by the judge of " the criminal court of Atlanta;" and that such evidence " is immaterial, on the ground that it did not appear in the proceedings  . .  that there had been any sentence imposed by ' No. 56118 in the City Criminal Court.' "   The evidence was admitted over the objections stated. No further evidence being offered, a judgment was rendered ordering " that the petitioner, Fred Sullivan, be and he is hereby remanded to the custody of said A. A. Clark Jr., warden of Fulton County, Georgia, and there to be held until he has completed the sentence imposed upon him by this court of Aug. 3, 1922, the same being No. 19252, and in said sentence it being provided that the sentence of this court is to follow the sentence No. 56118 of the Criminal Court of Atlanta."   The petitioner excepted to the judgment, assigning error on the grounds: (a) That the judgment was contrary to the evidence.   (b) That it was contrary to the law, because the judgment so rendered " amended and changed the sentence originally imposed without notice to plaintiff,  . .  and was  . .  without due process of law."   Error was also assigned upon the ruling admitting evidence over objections as indicated.

*Jackson & Echols* and *C. E. Moore,* for plaintiff.

*John A. Boykin, solicitor-general, E. A. Stephens,* and *R. H. Pharr,* for defendant.

GILBERT, J., concurring specially.   I concur in the judgment rendered by this court, and in so far as the principles announced are applicable to the facts of the case I also concur therein.   The application for habeas corpus is for the release of a convict who had been sentenced in two misdemeanor cases.   One of the headnotes quotes approvingly from the case of *Fortson* v. *Elbert County,* 117 *Ga.* 149 (43 S. E. 492).   That case holds:  " As to felonies, by the Penal Code, § 1041 [Code of 1910, § 1067], and as to misdemeanors, under general principles of criminal law, if a defendant is found guilty of more than one offense, and the imprisonment under one sentence is to commence on the expiration of the other, the sentence must so state; else the two punishments will be executed concurrently, and the defendant be entitled to his discharge on the expiration of the longest term."   In my opinion that headnote is broader than the facts of the case authorized the decision to go.   Although the present case is distinguished, the defect in the quoted headnote should be noted.   That case, like this, was a peti-

tion for habeas corpus for the release of a convict sentenced in two misdemeanor cases. Notwithstanding that fact the headnote in that case, as in this, construes the law as stated in the Code of Georgia, which has reference alone to felonies, to wit: "Where a person shall be prosecuted and convicted on more than one indictment, and the sentences are imprisonment in the pententiary, such sentences shall be severally executed, the one after the expiration of the other; and the judge shall specify in each the time when the imprisonment shall commence and the length of its duration." The code section is without ambiguity or doubt. The lawmaking power of the State therein declared that where persons are convicted of offenses and sentenced to the pententiary in two or more cases, " such sentences *shall* be severally executed, the one after the expiration of the other." Seemingly to make assurance doubly sure that the meaning of the statute could not be misunderstood, they used the word " shall " before the words " severally executed," and not content with that they employed the further words, " the one after the expiration of the other." Surely the meaning of that statute cannot be in doubt. But our attention is called to the last sentence requiring the judges to specify in each sentence the time when the imprisonment shall commence and the length of its duration; and it is argued from this that a failure to comply with this direction nullifies the preceding portion of the statute. How can such be the case? There is not even in that statute a discretion or a permission given the judge to provide that such sentences shall be served concurrently. An omission to specify when the imprisonment shall commence and the length of duration cannot accomplish an end not even suggested or hinted at in the statute. But it is said that the statute has been construed to mean differently from what is here said. To this I am unable to agree. In the first place, where there is no ambiguity or doubt, no court is authorized to change the meaning of statutes by construction. Consequently there is no binding decision of this court adopting a construction that the statute in the code section named provides that sentences in felony cases are to be served concurrently where the judge fails to specify when the imprisonment begins and the length of its duration. Failure of the court to follow the direction given in the statute cannot change a mandatory law so as to give it an effect directly opposite to its plain terms. The decisions having ref-

erence to the question are as follows: *Fortson* v. *Elbert County,* supra, was a habeas-corpus case seeking to liberate a convict who had been sentenced in two misdemeanor cases. The decision in that case, applied to the facts, was undoubtedly right, for it states the law correctly as applicable to misdemeanor cases. All that was said in the case with regard to felony cases was clearly obiter dicta, and is not binding. Moreover, the case was decided "by five Justices." *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305 (8) (supra), dealt with misdemeanor sentences, and did not involve Code section 1067. *Hightower* v. *Hollis,* 121 *Ga.* 159 (supra), was of similar character; there were two sentences in misdemeanor cases, and the rule laid down in *Fortson* v. *Elbert County* was followed. *Shamblin* v. *Penn,* 148 *Ga.* 592 (supra), was also a case of habeas corpus, where the freedom of a convict sentenced in two misdemeanor cases was sought. This case followed *Fortson* v. *Elbert County,* and was correctly decided. Since none of the previous cases decided by this court, confined in their rulings to the facts on which they were based, are in conflict with the code section, I am compelled to disagree with the broad language used in the headnote, but am thoroughly in accord with the result reached and the principles stated, in so far as they are applicable to the facts of the case. I am authorized to say that Presiding Justice Beck concurs in these views.