## KEMP, warden, *v.* MEADS.

1. Where a defendant was sentenced to serve on the chain-gang for the term of six months, and in addition thereto was sentenced to serve another term of six months on the chain-gang, the latter portion of the sentence to be suspended during good behaviour, and where the sentence further provided, that "said defendant may be discharged from custody at any time before the completion of said sentence upon the payment of a fine of fifty dollars" and "all costs," the payment of the amount of said fine did not relieve the defendant from service of the suspended portion of said sentence, the effect of the payment of the fine being to discharge him from custody under the unsuspended portion of his sentence, he not being held in custody under the suspended portion of his sentence.

2. The judge of the superior court was without authority to suspend that portion of the sentence subjecting the defendant to an additional term of service on the chain-gang; and the portion of the sentence imposing such additional sentence in the chain-gang was legal and enforceable, and that portion of the sentence suspending such additional service on the chain-gang was illegal and unenforceable.

3. Applying the above rulings, the trial judge erred in discharging, on habeas corpus, the defendant from serving such additional term on the chain-gang, especially as it was not shown that the defendant had paid all costs.

No. 5110. MARCH 11, 1926.

Habeas corpus. Before Judge Strange. Screven superior court. September 30, 1925.

*John C. Hollingsworth,* for plaintiff in error.

*J. W. Overstreet,* contra.

HINES, J. Meads was convicted under an indictment charging him with being drunk upon the highway, and the following sentence was thereupon imposed upon him by the court, to wit: "Whereupon it is ordered and adjudged by the court, that the defendant G. T. Meads do work in the chain-gang on the public roads or such other public works as the county or State authorities may employ the chain-gang of said county, for the term of six months from the reception of the said defendant in said chain-gang, the said defendant to remain in the common jail of said county until set to work by said county or State authorities, and six months additional on chain-gang to be suspended during good behaviour; said defendant may be discharged from custody at any time before the completion of said sentence, upon the payment of

Criminal Law, 16 C. J. p. 1313, n. 96 New; p. 1332, n. 21; p. 1333, n. 48.

a fine of fifty dollars———— all costs of officers of court, solicitor-general, clerk, sheriff, and justice of the peace." Meads paid said fine of fifty dollars. In September, 1925, he was arrested by the county police on a charge of having whisky in his possession. Thereupon the commissioners of roads and revenues of the county consulted counsel, who advised that according to the rulings of this court the judge could not legally suspend a sentence, and that such suspension was a nullity. The commissioners then ordered that Meads be taken to the chain-gang of said county and required to serve the six months suspended portion of said sentence. This order was immediately enforced, and Meads was sent to the chain-gang. He thereupon filed his petition for habeas corpus against Kemp, the county warden, in which he sought to be discharged from service on the chain-gang under the suspended portion of said sentence, on the ground that the payment of the fine of $50 relieved him from work on the chain-gang, under both the unsuspended and suspended portions of his sentence; and that for this reason he was illegally restrained of his liberty. On the hearing the court sustained the contention of the defendant, and ordered him discharged from the county chain-gang. To this judgment the warden excepted.

The trial judge imposed upon the defendant a sentence of six months in the chain-gang. He likewise imposed upon him an additional sentence of six months in the chain-gang, to be suspended during good behaviour. The sentence then provided that "said defendant may be discharged from custody at any time before the completion of said sentence, upon the payment of a fine of fifty dollars" and "all costs." The defendant immediately paid the fine of fifty dollars. The record does not disclose whether he paid all costs or not. Did the payment of this fine discharge the defendant from serving the suspended portion of his sentence? The provision of the sentence is that he was to "be discharged from custody at any time before the completion of said sentence, upon the payment of a fine of fifty dollars," and "all costs." On the payment of this fine at any time before the completion of his sentence the defendant was to be discharged from custody, and not from all punishment under his sentence. He was never in custody under the suspended portion of his sentence. Suspension of this portion of his sentence was contemporaneous with its imposition.

This portion of his sentence was a legal stillbirth. The defendant could not be kept, and was not in fact kept, in custody under this portion of the sentence. Not being kept in custody thereunder, he could not be discharged therefrom on payment of the fine. It was the evident purpose of the court to hold this portion of the sentence over the defendant in terrorem. It was to be used as a means of keeping him within the straight and narrow path of good behaviour. It was the sword of Damocles suspended over his head by the single threat of suspension, to warn him to obey the law, and thus to avoid punishment. Its purpose was not to keep him in custody, but to free him from custody. He could only be kept in custody under the unsuspended portion of his chain-gang sentence. It follows necessarily that the only custody from which he could be discharged by the payment of this fine was that growing out of the unsuspended portion of his sentence. So the defendant could not escape service on the chain-gang under the suspended sentence except as the result of its suspension. But the judge of the superior court had no authority to suspend the execution of this sentence or any portion thereof, except incidentally to review the judgment under which the sentence was imposed. So much of the sentence as imposed the additional service of. six months in the chain-gang was legal and enforceable, but that part which related to the suspension of the penalty of serving this additional term was illegal. *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175) ; *Wall* v. *Jones,* 135 *Ga.* 425 (69 S. E. 548) ; *Roberts* v. *Wansley,* 137 *Ga.* 439 (73 S. E. 654) ; *Hancock* v. *Rogers,* 140 *Ga.* 688 (79 S. E. 558) ; *Cook* v. *Jenkins,* 146 *Ga.* 704 (92 S. E. 212).

Besides, it does not appear that the defendant paid all costs of his prosecution. The probation act of 1913 (Acts 1913, p. 113) is not applicable under the facts of this case. It follows that the judge improperly discharged the defendant from serving the attempted suspended portion of his sentence. There is nothing to the contrary of what we hold in the case of *Dixon* v. *Baughn,* 149 *Ga.* 86 (99 S. E. 34), and *Cooley* v. *Dixon,* 149 *Ga.* 506 (101 S. E. 181). In those cases this court properly held that the sentences imposed were alternative, and that on payment of the fines therein imposed, which was done, the defendants could not be held to serve these alternative sentences in the common jail and in the chain-gang.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*

RUSSELL, C. J.   I think the trial judge ·properly discharged the prisoner.   The penalty imposed, to follow the exact words of the sentence appearing in the record, was "$50.00———costs or," etc. I can not understand how the majority of the court can arbitrarily fill the blank marked with the word "and," and for this reason I am compelled to dissent.   As the sentence reads with the blank as it was handed down by the judge, the sentence is "$50 costs" or "$50 without costs" instead of "$50 and costs" as construed by the majority.   I agree with the opinion of the majority as to the fact that the probationary part of the sentence is void.   This being true, and as it appears without dispute from the record that the defendant paid the $50 in compliance with the terms of the sentence as I construe it, the warden had no right to arrest the prisoner and compel him to serve a sentence alternative to the fine already paid; and I think the judgment of the lower court should be affirmed.