CARTER v. JOHNSON, warden.

No. 6831. JUNE 13, 1929.

W. H. Bedgood, J. P. Highsmith, and E. W. Highsmith, for plaintiff.

Wade H. Watson, for defendant.

BECK, P. J. This was a petition for a writ of habeas corpus, seeking to have W. T. Carter released from custody. Carter was held in the chain-gang by the county warden. The sentence under which he was being held was as follows: "Whereupon it is considered, sentenced, and adjudged by the court that the defendant do pay within three days a fine of $350.00 and all costs of this prosecution and twelve months on the chain-gang, said chain-gang sentence to be suspended pending good behavior and payment of said fine and then be discharged, or, in default of such payment, that said defendant do work in the chain-gang on the public works of said county or on such other public works as the county authorities may employ the chain-gang, for and during the full term of twelve months, and then be discharged; and it is further ordered that this sentence begin and be counted from the time of the reception of said defendant in the chain-gang under this order. The defendant may be discharged at any time on payment of said fine and cost." It is admitted that the prisoner had paid the fine and costs.

While the language of the sentence quoted above is of somewhat obscure meaning, yet, read in its entirety, it should be construed

as meaning that upon payment of costs and the fine imposed in the case the prisoner should be finally discharged; for the last pronouncement of the court in this writing imposing sentence is, "The defendant may be discharged at any time on payment of said fine and cost;" and it appearing that the prisoner had paid the fine and costs, he should have been discharged, and it was error for the court to remand him to custody. For while there is some language preceding that last quoted above that seems to indicate a different intention in the mind of the court pronouncing sentence, the equivocal language used in the writing should not be given such construction as would destroy the last clear pronouncement of the court; and the sentence in its entirety being ambiguous and doubtful, it should be given that construction which favors liberty of the individual.

*Judgment reversed. All the Justices concur, except*

Hines, J., dissenting. Under the judgment of the court, properly construed, the defendant was sentenced to pay within three days a fine of $350, and all costs of prosecution, and to serve 12 months on the chain-gang. The chain-gang sentence was suspended pending good behaviour. The defendant was to be discharged from the custody of the court upon the payment of said fine. If he did not pay such fine and costs he was to work in the chain-gang for the full term of 12 months. If he paid the fine, he was to be discharged from the custody of the court and officers during good behaviour. It would not be a reasonable construction of this sentence to hold that the judge meant to secure the good behaviour of the defendant only during the period elapsing between the passing of the sentence and the payment of the fine and costs. It was clearly the purpose of the trial judge to hold a chain-gang sentence over the defendant, in order to secure his good behaviour during the 12 months succeeding the imposition of the sentence. The chain-gang sentence was imposed for two purposes. One was to enforce the payment of the fine and costs. The other was to secure the good behaviour of the accused, not for the period elapsing between the imposition of the sentence and the payment of the fine, but during the 12-months period. The language that he was to be discharged on payment of the fine and costs means that he was to be discharged from the custody of the court and its officers, but subject to service on the chain-gang if his behaviour was not

690

good. If his behaviour was not good, then he was to serve the 12-months chain-gang sentence. This case is controlled by the rulings in *Cook* v. *Jenkins,* 146 *Ga.* 704 (92 S. E. 212), and *Kemp* v. *Meads,* 162 *Ga.* 55 (132 S. E. 533).