## FORD *v.* ELLIS.

No. 11038. APRIL 16, 1936.

*Thomas C. Denmark,* for plaintiff.

*J. C. Savage, C. S. Winn,* and *Bond Almand,* for defendant.

ATKINSON, Justice. On May 8, 1935, a defendant who was charged with violation of ordinances of the City of Atlanta was

convicted, and separate sentences were imposed under each conviction. One sentence provided for payment of "a fine of twenty dollars and costs, and that in default of such payment said defendant work on the streets or public works of said city thirty days." Other sentences provided for stated fines and in default to serve specified terms (for thirty or a lesser number of days). The several sentences, though imposed by the same judge on the same day, did not specify the date upon which the sentences should begin, or whether they should run concurrently or consecutively. After the defendant had served for the term of thirty days he brought a petition for habeas corpus, praying for his discharge, based on the ground, that, the record being silent as to whether the several terms should run concurrently or consecutively, the several sentences should be construed as requiring the sentences to run concurrently, and that, having served the longest term, he was entitled to discharge.

It has been held: "If a defendant be found guilty of more than one offense, and the imprisonment under one sentence is to commence at the expiration of the other, the sentence must so state; else the second punishment will be executed concurrently, and the defendant will be discharged on the expiration of the longer term. *Fortson* v. *Elbert County,* 117 *Ga.* 149 (43 S. E. 492)." *Shamblin* v. *Penn,* 148 *Ga.* 592 (97 S. E. 520). See also *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305 (8) (43 S. E. 780, 61 L. R. A. 739); 16 C. J. 1306, § 3082; 8 R. C. L. 242, § 242; *Sullivan* v. *Clark,* 156 *Ga.* 706 (119 S. E. 913). The foregoing is a statement of general principles applicable to sentences for misdemeanors, in the absence of a different rule provided by statute. By analogy the principle is also applicable to sentences imposed by the recorder's court in the City of Atlanta for offenses against the ordinances of the city. A different rule is established by statute in cases of convictions of felony: "Where a person shall be prosecuted and convicted on more than one indictment, and the sentences are imprisonment in the penitentiary, such sentences shall be severally executed, the one after the expiration of the other; and the judge shall specify in each the time when the imprisonment shall commence and the length of its duration." Code of 1933, § 27-2510. But not in relation to convictions of misdemeanors or violations of municipal ordinances. Nothing said in *Murphey* v.

*Lowry,* 178 *Ga.* 138 (172 S. E. 457), is contrary to the above-stated principles. The court erred in remanding the petitioner to the custody of the officers. A different result was reached in *Sullivan* v. *Clark,* supra, because the sentences were imposed by different courts, which is not the case in the present instance.

*Judgment reversed. All the Justices concur.*