## CRIDER, *alias* McGEE, *v*. CLARK, warden.

No. 11294. APRIL 17, 1936.

372

*C. G. Battle,* for plaintiff.

*John A. Boykin, solicitor-general,* and *Q. O. Arnold,* for defendant.

GILBERT, Justice. The exception is to a judgment refusing to release the petitioner and remanding him to custody on a petition for habeas corpus based upon the following facts: On February 16, 1934, the petitioner pleaded guilty in the criminal court of Atlanta to two accusations for a misdemeanor, and was sentenced to labor on the public works of the county for a period of six months in one case and twelve months in the other, the two sentences to run concurrently. On March 23, 1934, he entered a plea of guilty on two indictments for felony pending in the superior court of Fulton County. The sentence in each case was to be served concurrently for a period of two years in the Georgia penitentiary. It is alleged, and not denied, that he began such service on the county chain-gang on the date of the imposition of the first two sentences in the criminal court of Atlanta, on February 16, 1934, and was serving in such chain-gang when the felony sentences were imposed in the superior court of Fulton County on March 23, 1934; and that he has continuously served the said sentences, and was confined and serving the said sentences on the date when the petition for habeas corpus came on for hearing on February 1, 1936. The petitioner relies upon the Code of 1933, § 27-2505, which provides: "It shall be the duty of the several judges, in the imposition of sentence for violation of the penal laws, to specify that the term of service under such sentence shall be computed as from the date of sentence, provided the defendant is confined in jail or otherwise incarcerated, and has no appeal or motion for new trial pending, except in such cases as may be appealed to the State Court of Appeals or the Supreme Court for reversal of the conviction, in which event the sentence shall be computed from the date the remittitur of the appellate court is made the judgment of the court in which the conviction is had, provided the defendant is not at liberty under bond but is incarcerated or in custody of the sheriff of the county where convicted." It is contended that under that section and the facts of the case the petitioner has served the full time of all the sentences imposed, and that he should be discharged.

Under the decisions in *Murphey* v. *Lowry*, 178 *Ga.* 138 (172 S. E. 457), construing the statute of August 26, 1931 (Code of 1933, § 27-2505), and in *Hightower* v. *Hollis*, 121 *Ga.* 159 (48 S. E. 969), and *Carr* v. *Cook*, 165 *Ga.* 472 (141 S. E. 202), dealing with cases where different sentences were imposed by different courts, as in the present case, the court did not err in refusing to release the prisoner, and in remanding him to custody under the sentences imposed for felony in the superior court. See also *Sullivan* v. *Clark*, 156 *Ga.* 706 (119 S. E. 913).

*Judgment affirmed. All the Justices concur.*