## LONG *v.* STANLEY, Warden.

No. 15330. JANUARY 11, 1946.

R. N. *Hardeman,* for plaintiff.

J. *Eugene Cook, Attorney-General, Daniel Duke* .and *N. J. Smith, Assistant Attorneys-General,* for defendant.

HEAD, Justice. (After stating the foregoing facts.) An amendment of a sentence after the term of court has expired should not be allowed. It was beyond the power of the court under the facts in this case to modify, amend, or revise the sentences. *Porter* v. *Garmony,* 148 *Ga.* 261 (96 S. E. 426); *Shaw* v. *Benton,* 148 *Ga.* 590 (97 S. E. 520); *Auldridge* v. *Womble,* 157 *Ga.* 64 (120 S. E. 620); *Rutland* v. *State,* 14 *Ga. App.* 746 (82 S. E. 293).

Testimony by the former judge of the city court and by the clerk of the city court as to the oral pronouncement of the judge when the sentences were imposed would not modify or change the rule that sentences cannot be amended after the expiration of the term of court at which they were imposed. Oral declarations of the judge constitute no part of the sentence until they have been put in writing and duly entered as such. *Freeman* v. *Brown,* 115 *Ga.* 27 (41 S. E. 385); *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 552); *Foy* v. *McCrary,* 157 *Ga.* 461 (121 S. E. 804); *Conley* v. *Pope,* 161 *Ga.* 462 (131 S. E. 168); *Morgan* v. *Mount,* 195 *Ga.* 281 (24 S. E. 2d, 17).

The judgment of the habeas corpus court in remanding custody to the warden in this case must stand or fall on the language employed in the original sentences. "If a defendant is found guilty of more than one offense, and the imprisonment under one sentence is to commence on the expiration of the other, the sentence must so state; else the two punishments will be executed concurrently." *Fortson* v. *Elbert County,* 117 *Ga.* 149 (43 S. E. 492); *Shamblin* v. *Penn,* 148 *Ga.* 592 (97 S. E. 520); *Ford* v. *Ellis,* 182 *Ga.* 344 (185 S. E. 337). In order that uncertainty may be avoided as to the sentence or the intention of the trial judge in the imposition thereof, it would be proper for the judge in all cases where two misdemeanor sentences are imposed, if the sentences are to be served consecutively, to provide that the second sentence should begin on the expiration date of the first sentence. This seems to be the uniform practice in this State where sentences are to be served consecutively. In the present case, however, the trial judge did not provide specifically that the second sentence should begin at the expiration of the first sentence. This appears to be the basis for the contention by the plaintiff in error

that the sentences were to run concurrently. While the sentences do not follow the form indicated above, there does appear on each of them in the lower left-hand corner these words, "These sentences to run consecutively." On the basis of this language, the respondent warden contended that the sentences were to run consecutively, one following the other.

It appears that the plaintiff in error entered two pleas of guilty on misdemeanor charges, one for public drunkenness, and the other for assault; that the pleas were entered in the same court, on the same date, at the same time; and that the sentences were imposed by the same judge, with the notation on each sentence as above stated. It is nowhere contended, either in the bill of exceptions or in the brief of counsel for the plaintiff in error, that the language, "These sentences to run consecutively," is not a part of the original sentence imposed in each instance. From the language above quoted from the sentences, can the intention of the trial judge at the time of their imposition be fairly ascertained?

In construing a sentence, the language of the sentence should be given its ordinary legal meaning and should be construed so as to give effect, if possible, to the intention of the judge who imposed it. Fredericks v. Snook, 8 Fed. 2d, 968. See also 15 Am. Jur. 123, § 465. The word "these," being the plural of "this," indicates that more than one sentence was imposed. "Consecutively" means "succeeding one another in a regular order, or with uninterrupted course or succession, having no interval or break." Webster's International Dictionary (2d ed.). The record discloses that the two accusations upon which the accused pleaded guilty were numbered consecutively. The first accusation charged intoxication on a public street in the City of Louisville, and such accusation is numbered 4123. The second accusation, for assault, is numbered 4124. It appearing that the accusations are consecutively numbered, it may be presumed that it was the intention of the court for the sentence imposed on the first accusation, for public drunkenness, to be served first, and for the sentence imposed on the accusation for assault to be served "consecutively," or following the sentence for public drunkenness. It does not appear that an identical question has been previously before this court. Courts of other States have held that, where judgments were to run consecutively, this would mean that the sentences

were to be successive or to succeed one another in the regular order, and not to be concurrent. "The word 'consecutive' means to follow in uninterrupted succession." People *v.* Hirschbein, 16 Cal. App. (2d), 458 (60 Pac. 2d, 532). See 8 Words and Phrases, 615.

The judge hearing this case, in his judgment, stated in part as follows: "From the face of the records themselves, it seems apparent that the purpose and legal effect of the two sentences was that they should run consecutively." The record in this court convinces us that the above conclusion of the trial judge was not unauthorized. We therefore hold· that it was not error, for any reason assigned, to remand the prisoner to the custody of the warden.

*Judgment affirmed. All the Justices concur, except Wyatt and Candler, JJ., who dissent.*