34343. GUEST *v.* THE STATE.

TOWNSEND, J. 1. "Oral declarations of the judge constitute no part of the sentence until they have been put in writing and duly entered as such." *Long* v. *Stanley,* 200 *Ga.* 239, 241 (36 S. E. 2d, 785).

2. A sentence which is, in its entirety, ambiguous and doubtful should be given that construction which favors the liberty of the individual.

Sentences in criminal cases are to be strictly construed, and, on a hearing of an issue made by motion to revoke a probation sentence on the theory that certain rules and regulations prescribed therein have been violated, it must appear that the rules were in fact prescribed with definiteness and certainty in the sentence, and that there has been an infraction thereof, since to deprive the prisoner of his liberty otherwise would be a violation of due process of law. *Cross* v. *Huff*, 208 *Ga.* 392 (67 S. E. 2d, 124); *Carter* v. *Johnson*, 168 *Ga.* 688 (148 S. E. 590).

3. Where, as here, the applicable portion of a sentence on a charge of abandonment is as follows—"Upon payment of the payments named below, the 18 months to be served outside said jail and/or camp on probation until further order of this court; provided the defendant does not violate any State, Federal or municipal law. $20.00 per week to begin May 26, 1952, and a like sum on each Monday thereafter"—the sentence not specifying whether the payments are in the nature of a fine or as payments for the support of the defendant's child or children, and failing to specify where or to whom the payments are to be made, this provision of the sentence is too vague and indefinite to be enforceable, and a revocation of a sentence solely on the ground that the defendant did not make the $20 payments specified is without authority of law. The trial court erred in revoking the probation sentence on the sole ground that the defendant had not made payments thereunder.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED NOVEMBER 12, 1952.

*Guy B. Scott Jr.*, for plaintiff in error.
*Preston M. Almand, Solicitor*, contra.

