34363. NORMAN *v.* THE STATE.

DECIDED JANUARY 20, 1953.

444

*A. S. Skelton*, for plaintiff in error.

*Carey Skelton, Solicitor-General*, contra.

TOWNSEND, J. (After stating the foregoing facts.) In *Roper* v. *Mallard*, 193 *Ga.* 684 (2) (19 S. E. 2d, 525), it is held: "Under the act of 1913 (Ga. L. 1913, p. 112, Code § 27-2702), upon conviction of a misdemeanor or felony reduced to a misdemeanor, the court may so mold its sentence as to allow the defendant to serve the same outside of the chain gang, jail or other place of detention, under the supervision of the court; and thus serving a sentence on probation is fulfilling his sentence as effectually as if confined in jail or on the chain gang." Under Code § 27-2705, failure to comply with the terms of the sentence *prior to the final disposition of the case* is ground for revocation of the probation sentence, and, where such probation is revoked, the time served ·under the order and sentence prior to revocation must be counted in favor of the defendant and deducted from the period of service imposed. *Wimbish* v. *Reece*, 170 *Ga.* 64 (4) (152 S. E. 97).

The propriety of the judgment here depends upon whether or not the court properly construed the sentence as beginning on December 2, 1951, when the last instalment on the fine was paid, rather than on December 7, 1950, the date of the sentence. It should be noted that payment of a fine was not demanded unconditionally by the sentence, which imposed service of 12 months in a public works camp and 6 months in the county jail, to which an alternative was provided in the next clause as follows: "It is further ordered that upon payment of the fine of $75, including costs of this prosecution, within five days, the defendant may serve said sentence outside the confines" of the places of detention. The defendant was not remanded to custody during the five-day period to be held until payment was made, nor was he subsequently incarcerated when such period expired. He paid the fine in two instalments during the term of the sentence.

"A sentence which is, in its entirety, ambiguous and doubtful ·

should be given that construction which favors the liberty of the individual. Sentences in criminal cases are to be strictly construed." *Guest* v. *State,* 87 *Ga. App.* 184 (73 S. E. 2d, 218). See also *Cross* v. *Huff,* 208 *Ga.* 392 (67 S. E. 2d, 124). There is nothing within the sentence here which, so construed, would authorize the interpretation placed upon it by the State that the probated sentence was to commence upon actual payment of the fine in full, regardless of when that date was and regardless of the fact that the fine was being paid in instalments. On the contrary, the sentence limited the time of payment of the fine to five days, and further provided that the date of the sentence should be computed under Code § 27-2505, which provides that it is the duty of judges to specify that the term of sentence shall be computed as from the date of sentence in all cases where the defendant is incarcerated or has an appeal pending. As pointed out in the brief for the State, this Code section does not apply where, as here, the defendant was not incarcerated and had no appeal pending (See *Murphey* v. *Lowry,* 178 *Ga.* 138, 141, 172 S. E. 457); but, nevertheless, its inclusion in the sentence by reference, together with the provision for payment of a fine within five days, suggests no alternative but that the probated sentence was to begin running immediately and so continue throughout its term, conditioned upon payment of the fine and other provisions as to leading a moral and upright life. It is obvious that the stipulation, "payment of a fine within five days," does not mean payment of a fine at any indefinite time in the future when it shall be the defendant's pleasure to do so. The only other possible construction of the sentence is that the defendant lost all right to a probated sentence whatever when the fine was not paid within the five-day period allowed; and of course, under such a construction, a proceeding to revoke probation would also be improper, for the remedy would consist in seizing the prisoner unlawfully at liberty and compelling him to serve his full time. Such construction would certainly not "favor the liberty of the individual," and would be the more unjust where, as here, payment of the fine was made the alternative of actual servitude, and the fine has in fact been paid. The facts of this case distinguish it from *Crosby* v. *Courson,* 181 *Ga.* 475 (4) (182 S. E. 590), in which

it was held that a provision relating to suspension (probation) upon payment of a fine within 30 days did not become applicable where the fine was never paid.

From what has been said above, it follows that the sentence should have been computed as running from its date, and the trial court erred in overruling the demurrer which pointed out that the sentence had expired before the date upon which the probation was sought to be revoked.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*